416 So.2d 928 (1982)
STATE of Louisiana
v.
Stephanie STILLEY.
No. 82-WA-0709.
Supreme Court of Louisiana.
July 2, 1982.
*929 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Duncan S. Kemp, III, Dist. Atty., Frank L. Koles, III, Asst. Dist. Atty., for plaintiff-appellee.
Hobart O. Pardue, Jr., Springfield, for defendant-appellant.
WATSON, Justice.
A grand jury charged Stephanie Stilley with loitering in violation of Louisiana Statute 18:1462.[1] The trial court ordered a correction to specify that the violation was of LSA-R.S. 18:1462 A(2):
"A. Except as otherwise specifically provided by law, it shall be unlawful for any person, between the hours of 6:00 a. m. and 9:00 p. m. on the day on which there is being held any primary or general election, to perform or cause to be performed any of the following acts within a radius of six hundred feet of the entrance to any polling place being used in such election on election day or any place wherein absentee voting is being conducted:
* * * * * *
"(2) To loiter within the above described area of any such polling place; ..."
The trial court then quashed the indictment on the ground that LSA-R.S. 18:1462A(2) is unconstitutionally vague and overbroad. Since the state had the right to appeal the holding that the section of the statute was unconstitutional, the state's writ application was granted. The matter has the status of an appeal.
A criminal statute is unconstitutionally vague if its meaning is not clear to the average citizen and policeman. Due process requires that the public have notice of what conduct is proscribed.
The word "loiter" is defined in Blacks Law Dictionary, 5th Edition, as follows:
"To be dilatory; to be slow in movement; to stand around or move slowly about; to stand idly around; to spend time idly; to saunter; to delay; to idle; to linger; to lag behind."
Thus, loiter does not have a precise meaning. See Scott v. District Attorney, Jefferson Parish, 309 F.Supp. 833 (E.D.La., 1970), affirmed 437 F.2d 500 (5 Cir. 1971). One can loiter by standing or walking. Almost any citizen within a six hundred foot radius of a polling place or absentee voting site could be charged with loitering. One walking to the polling place to vote could be accused of sauntering. See the discussion of loitering at 29 La.L.Rev. 373. LSA-R.S. 18:1462 A(2) is unconstitutionally vague. State v. Dousay, 378 So.2d 414 (La., 1979).
A criminal statute is unconstitutionally overbroad if its enforcement must necessarily be arbitrary. A statute should provide objective standards. Not only is the word loiter imprecise, it also encompasses a wide range of innocent activities. There are too many versions of loitering for the term to define criminal conduct. See State v. Pugh, 369 So.2d 1308 (La., 1979). Because the statute could be enforced against almost anyone or no one, LSA-R.S. 18:1462 A(2) is overbroad.
Therefore, the statute in question is both vague and overbroad. The trial court correctly held that LSA-R.S. 18:1462 A(2)[2] is unconstitutional and quashed the indictment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
CALOGERO, J., concurs and assigns reasons.
*930 CALOGERO, Justice, concurring.
While I agree that prohibiting "loitering" outside a polling place within the prescribed 600 foot radius is sufficiently vague that an ordinary citizen or policeman might be confused as to what activity is prohibited, I do not believe that conclusion applies to a person's perception of what it means to "loiter" within the polling place, an area where there is no right to "stand idly around." The reasons for being within the polling place are generally limited to those related to legitimate election-related pursuits (e.g. poll watching) and those not related to election-related pursuits, such as electioneering, or simply standing about. I therefore do not consider the law vague as it relates to "loitering" inside of the polling place.
Nonetheless, since the statute encompasses activities of both sorts, I concur in the majority declaration that the statute is unconstitutional. Statutory revision would seem to be in order, either or proscribe "loitering" within the polling place or to describe prohibited activity outside the polling place within the 600 foot radius more precisely.
NOTES
[1] Stephanie Stilley "did commit the act of loitering by refusing to leave the premises of Voting Precinct of Albany High School, State of Louisiana Parish of Livingston, Village of Albany, Ward `4', Precint (sic) `2' in violation of Louisiana Statute 18:1462."
[2] Because the legislative enactment of this statute contains a severability clause, this decision is limited to subsection (2) of LSA-R.S. 18:1462(A). See Act 810 of 1980.