606 So.2d 586 (1992)
STATE of Louisiana
v.
Calvin BROWN.
No. 92-KA-441.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1992.
*587 Ginger Berrigan, Indigent Defender Program, Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Gretna, for plaintiff/appellee.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a conviction pursuant to La.R.S. 40:981.3 and La.R.S. 40:967 for distribution of cocaine within 1,000 feet of a school. The defendant, Calvin Brown, filed a motion to quash the bill of information attacking certain aspects of the statute (La.R.S. 40:981.3) on constitutional grounds. That motion was denied. Brown was tried by jury and subsequently sentenced to 15 years at hard labor without the benefit of parole, probation or suspension of sentence. We affirm the conviction but amend the sentence to reflect credit for time served.
On appeal Brown has assigned the following errors:
1. The trial court erred in concluding that La.R.S. 40:981.3 did not deny due process and/or equal protection of law under the Louisiana constitution;
2. The trial court erred in concluding the minimum sentence he could impose in this case was 15 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence, and
3. The penalty provisions of La.R.S. 981.3 as interpreted by the trial judge are constitutionally excessive.
The testimony at trial set forth the following.
On the afternoon of July 12, 1990, Detective Calecas and Agent Morse "set up" an investigation in which Agent Morse accompanied by a confidential informant would attempt to purchase crack cocaine from 1521 Ames Blvd., an apartment complex, located in Marrero, La. Detective Calecas, who was participating in the investigation as the corroborating officer, proceeded to the area first and "took up a point of observation" by parking at the corner of Happy Street and Ames Blvd. catercorner from the apartment complex. A few moments later Agent Morse along with the informant drove into the parking lot of the complex after receiving a radio communication from Detective Calecas indicating that "it was clear to come in." The informant exited the unmarked unit and approached several males who were standing in the courtyard. The informant had been instructed to speak with whomever was there and determine whether he would sell Agent Morse drugs. The informant remained by the group for a short while before walking away.
Thereafter, a black male, later identified as the defendant, left the group and approached the unit occupied by Agent Morse. When he reached the driver's side window, he bent down and asked Agent Morse what he wanted. Agent Morse replied "two rocks", the street terminology for crack cocaine, and held his hand out. The defendant placed two pieces of crack cocaine on the rubber window seal and Agent Morse handed the defendant $40.00. The defendant then walked away to return to the group of males leaving the pieces of crack cocaine where he had placed them. After the informant emerged from the complex and entered the unit, Agent Morse left the area followed shortly thereafter by Detective Calecas.
A preliminary field test performed on the substances revealed the presence of cocaine and the subsequent laboratory analysis confirmed that each "rock" contained cocaine.
Additionally, Wilton Dufresne, an expert in the field of surveying, found that the location of the transaction as pointed out by Agent Morse was within 1,000 feet of Lincoln Elementary School. Myrtle Weber, a former principal of Lincoln Elementary School, testified school was not in session at the time of the alleged drug transaction.
The defendant contends La.R.S. 40:981.3 is unconstitutionally vague in that the definition of school property affords the ordinary citizen no adequate warning as to where the conduct of distributing cocaine would amount to a violation of the statute.
*588 La.R.S. 40:981.3 provides in pertinent part:
A. Any person who violates a felony provision of R.S. 40:966 through 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus shall, upon conviction, be punished in accordance with Subsection E.
* * * * * *
C. For purposes of this Section:
* * * * * *
(2) "School property" means all property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.
In State v. Greco, 583 So.2d 825, 828 (La.1991), the Court stated the following concerning vagueness:
Defendant contends that the statute is unconstitutionally vague. "[A] statute is unconstitutionally vague if any ordinary person of reasonable intelligence is not capable of discerning its meaning and conforming his conduct to it. State v. Powell, 515 So.2d 1085 (La.1987); State v. Broom, 439 So.2d 357 (La.1983); State v. Stilley, 416 So.2d 928 (La.1982); State v. Baron, 416 So.2d 537 (La.1982). In addition, a penal statute must provide adequate standards by which the guilt or innocence of the accused can be determined. See State v. Broom, supra; State v. Union Tank Car Co., 439 So.2d 377 (La.1983)." State v. Barthelemy, 545 So.2d 531, 532-533 (La.1989).
Furthermore, in State v. Deutch, 245 La. 819, 161 So.2d 730, 736 (La.1964), the Court quoting United States v. National Dairy Prod. Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963) stated:
"The strong presumptive validity that attaches to an Act of Congress [Act of the Legislature] has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.
* * * * * *
"Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. * * * In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged. * * *"
The challenged statute is clearly and readily understandable, gives adequate notice of what conduct is proscribed and provides adequate standards for determining guilt or innocence of the accused. Any reasonable person can understand the statute proscribes possessing and trafficking controlled dangerous substances while on or within 1,000 feet of school property and the statute's definition of school property clearly encompasses Lincoln Elementary School, the school property involved in this case.
Additionally, the defendant argues the statute is overbroad since it could conceivably encompass a gas station across from a state rest stop. However, as noted by the Louisiana Supreme Court in State v. Greco, 583 So.2d 825, 828-29 (La.1991) [quoting Broderick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973)]:
"Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before this court."
The defendant also contends that La.R.S. 40:981.3 violates the equal protection clause because the classification it creates is so overinclusive that it fails to effectuate rationally the legitimate governmental purpose of creation of a "drug free *589 zone" in and around school facilities. The defendant argues that the statute is overinclusive by not making an exception for periods when school is not in session.
It is well settled that the legislature is afforded wide latitude in making statutory classifications affecting the public health, safety and welfare. It is equally well settled that these statutes will be upheld upon a showing of some rational relationship to a legitimate legislative purpose. State v. Bonanno, 384 So.2d 355 (La.1980).
There can be no doubt that the legislature has a legitimate goal of protecting school age children from the dangers of drugs and drug related crime and the statute is rationally structured to effectuate that purpose.
"[A] drug free zone around our nation's schools could not be realized if the protection the statute affords school children ends when the final bell rings each day. The elementary and secondary schools are places where children congregate before and after school hours. Moreover, any drug related activity in the vicinity of a school increases the likelihood that drugs would become accessible to the children who attend the school. If the drug seller uses a place within the protected area to carry on illegal activity, his customers can decide to buy drugs while children are present."
U.S. v. Crew, 916 F.2d 980, 983 (5th Cir. 1990).
Therefore, the statute is constitutional and does not violate defendant's equal protection guarantees.
The defendant contends that the trial court in imposing the sentence misinterpreted La.R.S. 40:981.3 regarding the "minimum mandatory" sentence which is to be served without benefit of parole, probation, or suspension of sentence. He argues La. R.S. 40:981.3(E)(1) is ambiguous and that ambiguity should be resolved against the state.
La.R.S. 40:981.3(E)(1) provides as follows:
On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
This issue was addressed by this court in State v. Hensley, 606 So.2d 13, 14 (La.App. 5th Cir.1992). In State v. Hensley, at 14 we held:
The manner in which the enhanced term is to be served, namely, with or without benefit of parole, probation or suspension of sentence, is at issue here. La.R.S. 40:981.3(E)(1) states that the minimum mandatory term is to be served without benefit of parole, probation or suspension of sentence. The defendant contends that the minimum mandatory term is the five years in La.R.S. 40:967(B)(1). The state contends that the minimum mandatory term is the fifteen years in La.R.S. 40:967(A)(1) and 981.3. We find the defendant's position to be a strained interpretation of the provision that does not coincide with the purpose and intent of the statute. Applying La. R.S. 14:3 to La.R.S. 40:981.3(E)(1), we conclude that the part of the provision referring to "the minimum mandatory term" is not ambiguous and refers to the minimum mandatory term calculated under that section (fifteen years at hard labor).
In his brief defendant also argues that if this court concludes the sentence interpreted by the trial judge is correct then the statute's penalty provision is unconstitutional. This argument was not raised in the trial court and thus there is no adverse ruling from the trial court as to this issue. The only ruling made by the trial judge was the interpretation regarding enhancement. Since the defendant did not raise this constitutional argument in the trial court we do not consider it on *590 appeal. See State v. Tanner, 534 So.2d 535 (La.App. 5th Cir.1988).
Furthermore, we have reviewed the record for errors patent. Our review reveals that the transcript, unlike the minute entry and commitment, fails to reflect that the defendant was given credit for time served prior to sentence; however such an allowance is mandatory pursuant to La. C.Cr.P. art. 880. State v. Sherman, 532 So.2d 908 (La.App. 5th Cir.1988). Accordingly, the conviction is affirmed but the sentence imposed is amended to confirm the minute entry and commitment and give the defendant credit for time served in conformity with La.C.Cr.P. art. 880.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED AFFIRMED.