648 So.2d 872 (1995)
STATE of Louisiana
v.
Thaddeus BROWN, et al.
No. 94-KA-1290.
Supreme Court of Louisiana.
January 17, 1995.
Order Denying Rehearing March 23, 1995.
*873 Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Charles M. Futrell, Asst. Dist. Atty., Charmagne A. Padua, Asst. Dist. Atty., for applicant.
Charles G. Wainwright, Gregory K. Voigt, for respondent.
JOHNSON, Justice.[1]
The State of Louisiana filed a bill of information charging defendants, Thaddeus Brown, Eugene McShellum and Terrance Watson, with violating La.R.S. 40:981.3. Defendants filed a motion to quash the bill of information, alleging that La.R.S. 40:981.3 was unconstitutionally vague, ambiguous and overly broad, and that the statute violated defendants' due process and 8th Amendment rights. During the motion hearing, the State and defendants stipulated that the defendants were within four hundred (400) to five hundred (500) feet away from school property. The trial court held that the statute was not unconstitutionally vague or ambiguous and that the statute did not violate the defendants' due process or 8th Amendment rights. However, the trial court upheld defendants' motion on the grounds that the statute, as written, was overly broad. The State of Louisiana sought review in this Court pursuant to Article V, § 5 of the Louisiana Constitution. Certiorari was granted to determine whether La.R.S. 40:981.3 is unconstitutional on its face. For the reasons set forth in this opinion we conclude that the statute is constitutional and therefore, the judgment of the trial court is reversed.

*874 FACTS AND PROCEDURAL HISTORY
According to the incident report, on October 7, 1993, the New Orleans Police Department received information about narcotic trafficking in the 3700 block of Thalia Street in New Orleans. Two Sixth District officers were summoned to the scene where they began a covert surveillance of the area. The officers observed three suspects who appeared to be engaged in drug trafficking. After witnessing what the officers believed to be four drug transactions, the officers approached the scene and found the three defendants to be in possession of seventeen packs of heroin. The defendants, Thaddeus Brown, Eugene McShellum and Terrance Watson were arrested and charged under La.R.S. 40:981.3 with possession with the intent to distribute heroin within one thousand feet of a school yard, namely, Florence Johnson Chester Elementary School.
Through counsel, defendants filed a Motion to Quash the Bill of Information which was heard on March 24, 1994. The trial court held that the "lack of knowledge"[2] requirement did not invalidate the statute nor did it violate defendants' due process rights. The court also concluded that the penal provisions of the statute were not excessive, and therefore, not violative of defendants' 8th Amendment rights. The trial court rejected the argument that the statute was unconstitutionally vague on the basis of State of Louisiana v. Brown, 606 So.2d 586 (La.App. 5th Cir.1992); writ denied, 630 So.2d 786.[3] (La. 1994). However, the lower court upheld the defendants' motion to quash on the ground that one thousand feet is overly broad. The trial judge reasoned that one thousand feet, which is over the length of three football fields, from a school or a playground encompasses too much area. Although the trial judge recognized that the legislative intent in enacting such an enhancement statute was to protect children, the judge concluded that one block or one hundred yards from school property would be enforceable and in the realm of what the Legislature intended to do.
The record dictates that defendants are not arguing with particularity that the statute as applied is unconstitutional, but instead that the statute as written is unconstitutional.
Along with these constitutional challenges, defendants have also briefed and argued in this Court that the statute violates equal protection of the laws. Defendants contend that the statute violates equal protection of the laws because it is applied disproportionately to inner-city residents who are mostly minorities.

CONSTITUTIONALITY
In order to create safer school environments for children and deter drug trafficking on school premises, the legislature enacted this statute which enhances the penalties of any persons convicted of distribution or possession with the intent to distribute narcotic drugs within one thousand feet of school property.
La.R.S. 40:981.3 provides:
A. Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus shall, upon conviction, be punished in accordance with Subsection E.
B. Lack of knowledge that the prohibited act occurred on or within one thousand feet of school property shall not be a defense.
C. For the purposes of this Section:
(1) "School" means any public or private elementary, secondary, vocational-technical school, or public or private college or university in Louisiana.
(2) "School property" means all property used for school purposes, including but limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.

*875 D. A violation of this Section within one thousand feet of school property shall not include an act which occurs entirely within a private residence wherein no person seventeen years of age or under was present.
E. (1) On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without the benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
(2) On second or subsequent conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, without benefit of parole, probation, or suspension of sentence. An offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any felony violation of this state, the United States, any other state, or any foreign country, relating to an act prohibited by the Uniform Controlled Dangerous Substances Law.
This Court has stated in State v. Griffin, 495 So.2d 1306, 1308 (La.1986) that:
Constitutional scrutiny favors the statute. Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Brenner, 486 So.2d 101 (La.1986); State v. Rones, 223 La. 839, 67 So.2d 99 (1953). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. The attack will fail if there exists a reasonable relationship between the law and the promotion or protection of a public good, such as health, safety or welfare. Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515 (La.1983); Gilbert v. Catahoula Parish Police Jury, 407 So.2d 1228 (La. 1981). The legislation must have a rational relationship to a legitimate state interest in order to satisfy the substantive guarantee of due process required by both federal and state constitutions. Theriot, supra, at 520; City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Harry's Hardware, Inc. v. Parsons, 410 So.2d 735 (La.1982), cert. denied 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 145 (1982).
To challenge a Legislative Act as unconstitutional on its face is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

VAGUENESS
Defendants contend that La.R.S. 40:981.3 is unconstitutionally vague and ambiguous in that a reasonable person is left guessing at the meaning of "school property" as contemplated by the statute.
This issue was fully discussed in Brown, supra, at 588. The Court in Brown, stated the following:
[A] statute is unconstitutionally vague if an ordinary person of reasonable intelligence is not capable of discerning its meaning and conforming his conduct to it. State v. Greco, 583 So.2d 825, 828 (La.1991); State v. Powell, 515 So.2d 1085 (La.1987); State v. Broom, 439 So.2d 357 (La.1983); State v. Stilley, 416 So.2d 928 (La.1982); State v. Baron, 416 So.2d 537 (La.1982). In addition, a penal statute must provide adequate standards by which the guilt or innocence of the accused can be determined. See State v. Broom, supra; State v. Union Tank Car Co., 439 So.2d 377 (La.1983)[;] State v. Barthelemy, 545 So.2d 531, 532-533 (La.1989).
Furthermore, in State v. Deutch, 245 La. 819, 161 So.2d 730, 736 (La.1964), the Court quoting United States v. National Dairy Prod. Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963) stated:
`The strong presumptive validity that attaches to an Act of Congress [Act of the *876 Legislature] has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.'
* * * * * *
`Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. * * * In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged. * * * `
The challenged statute is clearly and readily understandable, gives adequate notice of what conduct is proscribed and provides adequate standards for determining guilt or innocence of the accused. Any reasonable person can understand the statute proscribes possessing and trafficking controlled dangerous substances while within 1,000 feet of school property.....
We reject defendants' argument that the statute is unconstitutionally vague and ambiguous.

EQUAL PROTECTION
Defendants also claim that La.R.S. 40:981.3 violates the equal protection clause because they live in public housing developments adjacent to schools. They argue that almost all public housing developments in the City include schools which places virtually all the residents of public housing in the City within the ambit of this law.
The state and federal constitutional guarantees of equal protection mandate that state laws affect alike all persons and interests similarly situated. Detraz v. Fontana, 416 So.2d 1291 (La.1982); U.S.C.A.-Const. Amend. 14; LSA-Const. Art. 1 § 3 (1974).
As stated in Grider v. Adm'r, Dept. of Employment Sec., 564 So.2d 751 (La.App. 2d Cir.1990) (citing Sibley v. Board of Sup'rs, 477 So.2d 1094 (La.1985))
[w]hen a state law does not classify individuals by race, religion, birth, age, sex, culture, physical condition, or political ideas, but does so on any other basis, Art. 1 § 3 of the Louisiana Constitution commands the court to decline the enforcement of the statute whenever a member of the disadvantaged class shows that the classification does not suitably further any appropriate state interest.
Thus, absent any suspect or intermediate classifications under the equal protection analysis, the defendants must show that the legislative classification is not rationally related to a legitimate state purpose.
The U.S. Supreme Court has stated that a State's interest in "safeguarding the physical and psychological well-being of a minor is compelling." New York v. Ferber, 458 U.S. 747, 756-57, 102 S.Ct. 3348, 3354, 73 L.Ed.2d 1113 (1982) (citations omitted). We agree. It is clear that the state's objective is to protect children from the dangers of drugs by creating a "drug free zone" in areas where children frequent. Hence, we find the statute is rationally related to a legitimate state purpose.
Therefore, we conclude that the statute does not violate defendants' equal protection rights.

DUE PROCESS
Defendants make two due process arguments. First, defendants contend that the statute, specifically subsection (B), which dispenses with the knowledge requirement of the offense, violates due process. They argue that the statute impermissibly relieves the state of its obligation of proving knowledge, one of the essential elements of the offense. Second, defendants claim that the 1000 feet drug free zone embedded in the statute is too expansive, and is not rationally related to the legislative purpose. Both assignments of error will be discussed separately.

I.
Subsection (B) provides that "[l]ack of knowledge that the prohibited act occurred on or within one thousand feet of school property shall not be a defense."
In State v. Elias, 357 So.2d 275 (La. 1978), we recognized that in the interest of *877 protecting juveniles, the legislature has dispensed with the knowledge requirement of several crimes involving that class of persons. We stated the following in Elias, supra:
Although the presence of a "vicious will" or mens rea has long been a requirement of criminal responsibility, many exceptions have been recognized. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). In Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952),.... the United States Supreme Court examined at length the historical development of mens rea as an element of criminal conduct and recognized certain exceptions, including "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." Crimes involving juveniles, historically recognized as a special class of persons in need of protection, often do not require knowledge of the child's age as an essential element.
Id. at 278.
Hence, we find no merit in defendants' contention that the lack of knowledge requirement in La.R.S. 40:981.3 violates the due process clause.

II.
It is well settled that the substantive guarantee of due process in the federal and state constitutions requires only that the legislation have a rational relationship to a legitimate state interest. It is equally well settled that an ordinance will be upheld if there exists a reasonable relationship between the law and public good. Theriot, supra, at 520 (citations omitted).
As stated in Brown, supra, at 589
There can be no doubt that the legislature has a legitimate goal for protecting school age children from the dangers of drugs and drug related crime and the statute is rationally structured to effectuate that purpose.
`[A] drug free zone around our nation's school could not be realized if the protection the statute affords school children ends when the final bell rings each day. The elementary and secondary schools are places where children congregate before and after school. Moreover, any drug related activity in the vicinity of a school increases the likelihood that drugs would become accessible to the children who attend the school. If the drug seller uses a place within the protected area to carry on illegal activity, his customers can decide to buy drugs while children are present.'
(quoting U.S. v. Crew, 916 F.2d 980, 983 (5th Cir.1990)).
We conclude that the 1000 feet drug zone is rationally related to the legislative purpose of deterring drug trafficking on or near school premises. Therefore, the statute as written does not violate defendants' substantive due process rights.

CRUEL AND UNUSUAL PUNISHMENT
Defendants next contend that the statute's minimum mandatory sentence of five years without probation, parole or suspension of sentence, especially for first time offenders, violates their 8th Amendment right to not be subjected to cruel and unusual punishment.
A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Maze, 596 So.2d 218 (La.App. 3d Cir.1992); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3d Cir.1988). To constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering. State v. Maze, supra; State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir. 1988), writ denied, 536 So.2d 1233 (La.1989).
Under La.R.S. 40:966 B(1), a person convicted of possession with the intent to distribute heroin shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifty thousand dollars. Thus, regardless of whether defendants were charged *878 under R.S. 40:981.3 or R.S. 40:967 B(1), if convicted, the minimum term of imprisonment defendants will serve in accordance with La.R.S. 40:966 B(1) is life imprisonment.
Defendants' contention that the penal provisions of R.S. 40:981.3(E)(1) are excessive is without merit. The range of penalties provided by R.S. 40:981.3 is not unconstitutionally excessive. The penalties contribute to acceptable goals of punishment and are not grossly disproportionate to the severity of the offense in general. State v. Shoemaker, 500 So.2d 385 (La.1987); State v. Ludwig, 468 So.2d 1151 (La.1985).
La.R.S. 40:981.3 was enacted "to define and provide for zones within which the commission of certain criminal activities shall result, upon conviction, in increased penalties..." Thus it is clear that the purpose of the provision is to enhance the penalties for the drug-related felony offenses which occur near schools. State v. Hensley, 606 So.2d 13 (La.App. 5 Cir.1992).
We find that the penalties under R.S. 40:981.3 are not unconstitutionally excessive.

OVERBREADTH
Lastly, defendants argue that the Legislature has fashioned the definition of "school property" so broadly that it includes all public and private property within the city that any school has used for any reason. Defendants contend that this overly broad definition also includes private properties and other properties that are the destination of many school field trips. Additionally, defendants claim that because Orleans Parish school children utilize public transportation, a 1,000 ft. "zone" exists around every RTA bus and streetcar stop within the city.
In order for the principle of overbreadth to apply, a constitutionally protected right must be claimed as a defense. State v. Azar, 535 So.2d 441 (La.App. 3d Cir.1988), quoting State v. Griffin, 495 So.2d 1306 (La. 1986). Furthermore, it is generally inappropriate to invalidate a statute on the grounds of overbreadth when it affects conduct rather than speech, especially where the conduct at issue is harmful and controlled by criminal laws. State v. Watson, 529 So.2d 94 (La.App. 4th Cir.1988); citing Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); State v. Neal, 500 So.2d 374 (La. 1987). In Neal, this Court stated that facial overbreadth adjudication is an exception to traditional rules of practice. Thus, for a facial challenge to apply "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick, supra, 413 U.S. at 615, 93 S.Ct. at 2918.
In this instance, defendants' alleged criminal conduct clearly falls within the scope of behavior proscribed by the statute. Although the definition of "school property" may arguably encompass a large area, drug possession and trafficking is not constitutionally protected conduct. Because the statute would affect conduct rather than speech, we conclude that the statute is not overbroad.
For the reasons assigned, the judgment of the trial court declaring La.R.S. 40:981.3 unconstitutional is reversed. The judgment sustaining the motion to quash is reversed and set aside. The case is remanded to the district court for further proceedings consistent with this opinion.
NORRIS, J., concurs.

ON APPLICATION FOR REHEARING
PER CURIAM.[1]
On direct appeal from the granting of defendant's Motion to Quash, our original opinion in this matter upheld the constitutionality of La.R.S. 40:981.3, the statute which enhances the penalties of any persons convicted of distribution or possession with the intent to distribute narcotic drugs within one thousand feet of school property. Defendant applies for rehearing, citing several purported factual inaccuracies in our opinion and complaining of our treatment of an issue not before us in this appeal. Defendant's application for rehearing is without merit.
*879 The alleged factual inaccuracies cited by defendant are of no moment in that none of the factual distinctions raised (questionable inaccuracies at best) were necessary or pertinent to our decision on the constitutionality of the statute. More noteworthy is defendant's contention that it was improper and premature for this court to address Eighth Amendment or excessiveness of sentence issues in this interlocutory appeal addressed to the constitutionality of La.R.S. 40:981.3. Our comments on that issue are dicta and our conclusion that the statute is constitutional is sound without need to have discussed the Eighth Amendment issue. Defendant will have the opportunity to raise this matter anew on appeal if he is convicted and sentenced. Accordingly, the application for rehearing is denied.
NOTES
[1] Judge William Norris, III, Court of Appeal, Second Circuit, sitting by assignment in place of Justice Pike Hall.

Pursuant to Rule IV, Part 2, § 3, Marcus, J. was not on the panel which heard and decided this case.
[2] The trial judge noted that other statutes, such as carnal knowledge of a juvenile, dispenses with the knowledge requirement of the offense and are constitutional.
[3] On supervisory review, the appellate court in Brown discussed the issue of vagueness as it relates to La.R.S. 40:981.3. This issue is addressed in detail, infra.
[1] Marcus, J., not on panel. Rule IV, Part 2, § 3.