727 So.2d 589 (1998)
STATE of Louisiana
v.
Paul E. CRAWFORD.
No. 98 KA 0585.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
Walter P. Reed, D.A., Covington, Dorothy A. Pendergast, Metairie, for State of Louisiana.
Frederick Kroenke, Baton Rouge, for Defendant-Appellant.
Before: SHORTESS, C.J., CARTER and WHIPPLE, JJ.
SHORTESS, C.J.
Paul E. Crawford (defendant) was charged by bill of information with distribution of cocaine within 1,000 feet of school property. La. R.S. 40:967 A(1) and La. R.S. *590 40:981.3. He filed a motion to quash, alleging Louisiana Revised Statute 40:981.3 was unconstitutionally vague because it did not specify how the 1,000-foot distance was to be measured. After the trial court denied his motion to quash, defendant entered a Crosby plea,[1] reserving his right to appeal the court's ruling. The trial court sentenced defendant to imprisonment at hard labor for fifteen years, without benefit of probation, parole, or suspension of sentence, and imposed a $50,000.00 fine. The sentence was made concurrent to another sentence imposed on the same date on a separate charge.[2] Defendant's sole assignment of error on appeal is that the trial court erred in not finding Revised Statute 40:981.3 to be unconstitutionally vague.
Revised Statute 40:981.3(A)(1) provides:
Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus, shall, upon conviction, be punished in accordance with Subsection E.
(Emphasis added.) Subsection E provides enhanced penalties for offenses committed within 1,000 feet of school property.
Defendant was arrested for distribution of cocaine within 1,000 feet of school property, i.e., the corner of Stanley and Lincoln Streets in Slidell, Louisiana, on September 11, 1995. At the hearing on defendant's motion to quash, the parties stipulated that, if measured in a diagonal line, the distance between St. Tammany Junior High School and the street comer where defendant was arrested was less than 1,000 feet. They further stipulated that, if measured by a pedestrian route on sidewalks, the distance between the school and the corner was more than 1,000 feet.
Statutes are presumed to be valid and must be upheld as constitutional whenever possible.[3] A statute is unconstitutionally vague if a person of ordinary intelligence is not capable of discerning its meaning and conforming his conduct thereto.[4] A penal statute must give adequate notice that certain contemplated conduct is proscribed and punishable by law and must provide adequate standards for those charged with determining the guilt or innocence of an accused.[5] In interpreting criminal statutes, Revised Statute 14:3 requires that the provisions thereof "be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."[6]
In State v. Brown,[7] the Louisiana Supreme Court rejected a claim that Revised Statute 40:981.3 was unconstitutionally vague, concluding:
The challenged statute is clearly and readily understandable, gives adequate notice of what conduct is proscribed and provides adequate standards for determining guilt or innocence of the accused. Any reasonable person can understand the statute proscribes possessing and trafficking controlled dangerous substances while within 1,000 feet of school property ....
The specific issue addressed by the Supreme Court in Brown was the meaning of the phrase "school property." There was no discussion of whether the phrase "within one thousand feet" was vague or ambiguous.
*591 In State v. Shillow,[8] the third circuit noted the distance from the school to the point where the drug sale occurred was within 1,000 feet, regardless of whether the distance was measured in a straight line or by a walking path, along the street. Thus, it was not necessary for the court to determine the proper method of measurement. In State v. Hensley,[9] the area surrounding the school was surveyed to ascertain the distance from the school to the location of the drug sale. There is, however, no indication any issue was raised in Hensley as to the method of measurement. It appears the issue of the proper manner of measuring the applicable 1,000-foot distance is res nova in Louisiana. In interpreting 21 United States Code 860(a),[10] a similar federal statute creating a 1,000-foot drug-free zone around schools, federal courts have consistently held the distance should be measured by a straight line rather than by a pedestrian route.[11] We find these cases to be well reasoned and agree with the rationale expressed therein.
In United States v. Watson,[12] the United States Ninth Circuit observed that "[o]nly a straight line measurement creates a readily ascertainable zone of protection [around schools]." In United States v. Ofarril,[13] the United States Second Circuit rejected the argument that the distance should be measured by a pedestrian route rather than a straight line, stating, "Such a tortuous reading would violate the plain meaning of the statute. Moreover, it would generate needless and time-consuming debate, and ultimately hamper the statute's enforcement." Agreeing with this rationale, the United States Eleventh Circuit observed in United States v. Clavis[14] that use of a walking route measurement would lead to situations where:
[a] trafficker could operate free of the statute by placing his operation within tossing distance of the schoolyard fence if he could findor createa long enough footpath leading to it. And where there is more than one path, as in this case, one path might traverse 1,100 feet and the other 950 feet. These uncertainties created by the way a child meanders, or a drug dealer or buyer walks, is antithetical to the expressed intention of Congress to create a drug-free zone around each school. The way to create a definite and identifiable zone is by extending radii outward around the property on which the school is located.
Finally, we note the purpose of Revised Statute 40:981.3 is to enhance penalties for drug-related felony offenses that occur near schools, in order to protect children from drug use and the harmful effects and influences attendant therewith.[15] This purpose is best achieved by giving effect to the plain meaning of "within one thousand feet," which clearly and unambiguously indicates a straight-line measurement. Accordingly, the trial court correctly denied defendant's motion to quash.
In support of his argument that Revised Statute 40:981.3 is vague because it does not specify how the drug-free zone is to be measured, defendant cites Revised Statute *592 18:1462,[16] which provides a campaign-free zone within 600 feet of polling places, and Revised Statute 26:281,[17] which prohibits the sale of alcoholic beverages within 300 feet of enumerated locations. Specifically, defendant stresses that, in contrast to Revised Statute 40:981.3, each of these statutes states with particularity the method of measurement to be used in applying its provisions. Defendant's argument is unpersuasive. We believe the fact that the legislature specified the method of measurement in those provisions merely indicates it intended in those situations to deviate from the plain meaning of "within."
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] While a guilty plea generally waives all nonjurisdictional defects in the pre-plea proceedings, a defendant may condition his plea, subject to acceptance by the trial court, upon the reservation for appellate review of specified pre-plea errors. State v. Crosby, 338 So.2d 584 (La.1976).
[2] See State v. Crawford, 98-0585 (La.App. 1st Cir.12/28/98), 727 So.2d 589.
[3] State v. Brown, 94-1290 at p. 5 (La.1/17/95), 648 So.2d 872, 875.
[4] Brown, 94-1290, p. 5, 648 So.2d at 875.
[5] Fields v. State, 98-0611, p. 24 (La.7/8/98), 714 So.2d 1244, 1261.
[6] See State v. Martin, 310 So.2d 544, 546 (La. 1975).
[7] 94-1290 at pp. 5-6, 648 So.2d at 876, quoting, State v. Brown, 606 So.2d 586, 588 (La.App. 5th Cir.1992), writ denied, 92-2945 (La.1/28/94), 630 So.2d 786.
[8] 602 So.2d 28, 31 (La.App. 3d Cir.1992).
[9] 606 So.2d 13 (La.App. 5th Cir.1992).
[10] That statute provides, in pertinent part:

Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground.... (Emphasis added.)
[11] See United States v. Clavis, 956 F.2d 1079, 1088 (11th Cir.), cert. denied, 504 U.S. 990, 112 S.Ct. 2979, 119 L.Ed.2d 597, rehearing granted in part on other grounds, 977 F.2d 538 (11th Cir. 1992), cert. denied, 507 U.S. 998, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993); United States v. Watson, 887 F.2d 980, 981 (9th Cir.1989); United States v. Ofarril, 779 F.2d 791, 792 (2d Cir.1985) (per curiam), cert. denied, 475 U.S. 1029, 106 S.Ct. 1231, 89 L.Ed.2d 340 (1986); United States v. Robles, 814 F.Supp. 1249, 1251 (E.D.Pa.1993), aff'd, 8 F.3d 814 (3d Cir.1993).
[12] 887 F.2d at 981.
[13] 779 F.2d at 792.
[14] 956 F.2d at 1088.
[15] See Brown, 1995 WL at p. 10, 648 So.2d at 878.
[16] That statute provides, in pertinent part, that the campaign-free zone is to be measured "within a radius of six hundred feet of the entrance to any polling place being used in an election on election day or any place wherein absentee voting is being conducted ...."
[17] Revised Statute 26:281 C(1) provides, in pertinent part: "In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, public library, public playground, or school to the nearest point of the premises to be licensed."