811 So.2d 955 (2002)
STATE of Louisiana
v.
Jeffery Mark HOLMES.
No. 2001 KA 0955.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*956 Walter P. Reed, District Attorney, Covington, Dorothy Pendergast, Metairie, Counsel for Appellee State of Louisiana.
Margaret Smith Sollars, Thibodaux, Counsel for Defendant-Appellant Jeffery M. Holmes.
Before: GONZALES, KUHN, and CIACCIO[1], JJ.
KUHN, J.
Defendant, Jeffery Mark Holmes, was charged with distribution of cocaine, a Schedule II controlled dangerous substance, in a drug free zone in violation of La. R.S. 40:981.3 and 40:967A(1). He initially pled not guilty and filed a motion to quash the bill of information. After a hearing, the trial judge denied the motion to quash. Thereafter, defendant withdrew his plea of not guilty and pled guilty, reserving his right to appeal the ruling on the motion to quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976).[2] After a Boykin examination, the trial court accepted defendant's plea. The trial court sentenced defendant to fifteen years at hard labor, without benefit of parole.

FACTS
Because there was no trial, the record does not provide factual information about the offense. At the time of the plea, however, the prosecutor and defense attorney stipulated that a factual basis existed for the charge and the trial court accepted the stipulation. The bill of information indicates that the offense took place in Tammany Trace, a recreational park in St. Tammany Parish.
In his sole assignment of error, defendant contends that the statute under which he was charged, La. R.S. 40:981.3, was unconstitutionally vague "as written" and "as applied." Specifically, he contends that Tammany Trace is a recreational park rather than property used for school purposes and, thus, does not fall within the areas addressed by and defined in the statute. He further argues that the legislature did not intend to include government-owned recreational areas *957 that are not part of school property and are not specifically addressed in a separate subsection of the statute as are drug treatment, religious, and public housing authority buildings and facilities.
The State argues that the language of the statute is not vague and that the legislature clearly intended to include parks and recreational areas not "identified with or adjacent to schools." In support of its argument, the State notes that the statute does not limit the definition of school property to school playgrounds; rather, it includes "any building or area owned by the state or a political subdivision that is used as a playground or recreational facility" and "all parks and recreational areas administered by the office of state parks."
Initially, we note that in his motion to quash, defendant does not specifically state that he is challenging the constitutionality of the statute. Rather, he contends that the bill of information fails to charge him with an offense punishable under a valid statute. His specific argument is that Tammany Trace, while a recreation park area, is clearly not property used for school purposes by any school.
Generally, in order to preserve an alleged error for consideration on appeal, the Louisiana Code of Criminal Procedure requires that an objection be made to the irregularity at the time of its occurrence. La.Code Crim. P. art. 841. The Louisiana Supreme Court has dispensed with the necessity for objection in those cases where an attack is on the facial constitutionality of the statute. State v. Lee, 364 So.2d 1024, 1030, n. 4 (La.1978). Although defendant did not challenge the constitutionality of La. R.S. 40:981.3 in the proceedings below, we consider his challenge now because he attacks the statute on its face.
La. R.S. 40:981.3 currently states, in pertinent part:
A. (1) Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus, shall, upon conviction, be punished in accordance with Subsection E.
(2) Any person who violates a felony provision of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A) while on property used as a drug treatment facility or within one thousand feet of any such property, when included within an area marked as a drug free zone pursuant to R.S. 40:1058.10 shall, upon conviction, be punished in accordance with Subsection E.
(3)(a) Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any religious building property, public housing authority property, or within one thousand feet of any such property, if the area is posted as a drug-free zone, shall, upon conviction, be punished in accordance with Subsection E of this Section.
(b) In order for the provisions of this Section to apply to religious buildings or to public housing authority property, the building must be posted as a drug-free zone as provided herein. The design and posting of the signs shall be at the discretion of the entity that owns or has authority over the religious building or public housing authority property. In order to post the area as a drug-free zone, the signs shall be located in a visible manner on or near each religious building or public housing authority property indicating that such area is a drug-free zone, that such zone extends for a distance of one thousand feet, and *958 that a felony violation of the Uniform Controlled Dangerous Substances Law will subject the offender to severe penalties under law.
B. Lack of knowledge that the prohibited act occurred on or within one thousand feet of school or drug treatment facility property shall not be a defense.
C. For purposes of this Section:
(1) "School" means any public or private elementary, secondary, vocational-technical school, or any public or private college or university in Louisiana.
(2) "School property" means all property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.
(3) "Drug treatment facility" means all property used for diagnostic, treatment, and rehabilitative services to patients and their families with problems related to alcohol, drug, or substance abuse.
(4) "Religious building property" means property on which is located any church, synagogue, mosque, or other building, structure, or place used for religious worship or other religious purpose.
(5) "Public housing authority property" means all property owned or operated by a public housing authority or agency created by state law or by any ordinance enacted by a local governing authority.
D. A violation of this Section within one thousand feet of school property, a drug treatment facility, religious building property, or public housing authority property shall not include an act which occurs entirely within a private residence wherein no person seventeen years of age or under was present.
Statutes are presumed to be valid and must be upheld as constitutional whenever possible. A statute is unconstitutionally vague if a person of ordinary intelligence is not capable of discerning it's meaning and conforming his conduct thereto. A penal statute must give adequate notice that certain contemplated conduct is proscribed and punishable by law and must provide adequate standards for those charged with determining the guilt or innocence of an accused. In interpreting criminal statutes, La. R.S. 14:3 requires that the provisions thereof "be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." State v. Crawford, 98-0585, pp. 2-3 (La.App. 1st Cir.12/28/98), 727 So.2d 589, 590. The title of the act, while not part of the statute, may be used to determine legislative intent. State v. Madere, 352 So.2d 666, 668 (La.1977). As a general rule, "[t]he plain meaning of legislation should be conclusive, except in the `rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' [in which case] the intention of the drafters, rather than the strict language controls." State v. Ste. Marie, 98-1167, pp. 2-3 (La.12/18/98), 723 So.2d 407, 409 (per curiam) (citing, United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 243, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989)); State v. Martin, 98-0695 (La.App. 1st Cir.11/5/99), 763 So.2d 5, 8, writ granted on other grounds, XXXX-XXXX (La.9/22/00), 769 So.2d 1168.
In State v. Brown, 94-1290, p. 5 (La.1/17/95), 648 So.2d 872, 875, the defendants argued that La. R.S. 40:981.3 is unconstitutionally vague and ambiguous in *959 that a reasonable person is left guessing at the meaning of "school property" as contemplated by the statute. The Louisiana Supreme Court rejected this argument and concluded:
The challenged statute is clearly and readily understandable, gives adequate notice of what conduct is proscribed and provides adequate standards for determining guilt or innocence of the accused. Any reasonable person can understand the statute proscribes possessing and trafficking controlled dangerous substances while within 1,000 feet of school property ....

State v. Brown, 94-1290 at pp. 5-6, 648 So.2d at 876 (quoting State v. Brown, 606 So.2d 586, 588 (La.App. 5th Cir. 1992), writ denied, 92-2945 (La.1/28/94), 630 So.2d 786).
In regard to the purpose of the statute, the Louisiana Supreme Court stated, in State v. Brown, 94-1290 at pp. 6-7, 648 So.2d at 876, that "[i]t is clear that the state's objective is to protect children from the dangers of drugs by creating a `drug free zone' in areas where children frequent." See also State v. Williams, 98-0952, p. 3 (La.App. 1st Cir.2/19/99), 729 So.2d 1080, 1081.
In State v. Magee, 2000-2816 (La.App. 1st Cir. 10/10/01), 809 So.2d 452, the defendant argued on appeal that the State failed to prove that the park buildings near where he allegedly sold cocaine met the legal definition of "drug free zones" as provided in La. R.S. 40:981.3. Defendant was accused of making two drug sales in two separate facilities in St. Tammany Parish. There was testimony at the trial that one of the facilities was owned by the parish's school board and was used to teach special education classes. The other facility was owned by the City of Covington and used for various programs including "sports programs for school children, `Project Graduation' for seniors graduating from Covington High School, [school sponsored] 4-H club meetings and awards programs." There was further testimony that the two buildings were within one thousand feet of the points of sale. This court concluded, "[c]learly, the state proved that both of the facilities in question met the definition of school property for purposes of the statute." State v. Magee, 2000-2816, p. 2 (La.App. 1st Cir.10/10/01), 809 So.2d 452.
A review of the wording of La. R.S. 40:981.3, when enacted, and its subsequent amendments, indicates an intent to expand the statute's application to additional locations to provide more protection for children and others. The statute initially defined school property as "all property used for school purposes, including but not limited to school playgrounds." See 1989 La. Acts No. 171, § 2. In 1990, Section 2 of 1990 La. Acts No. 293 amended the definition of school property by adding the phrase addressed in this appeal: as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks. This act also changed the heading of 40:981.3 from "Violation of Controlled Dangerous Substances Law on or near school property" to "Violation of Controlled Dangerous Substances Law".[3] 1994 La. Acts 3rd Ex.Sess. No. 46, § 1 expanded the covered areas to include drug treatment facilities. The statute was again amended, by 1997 La. Acts No. 355, § 1 to *960 expand coverage to include religious building property. This was the version of the statute in effect at the time of the instant offense. More recently, the statute was amended to cover public housing authority property. 1999 La. Acts No. 253, § 1.
When the language of the statute is read in conjunction with a review of the history of the amendments to the statute, it is clear that the legislature intended to encompass areas such as public parks and recreational areas that are not within school boundaries. We recognize that the legislature could have drafted the statute more artfully by using a separate subsection to address public playgrounds, parks, and recreational facilities and areas, as it did with drug treatment facilities, religious building property, and public housing authority property. Nevertheless, we conclude that the statute is not vague. It is sufficiently clear and unambiguous to inform a person that violators are exposed to enhanced penalties when they engage in prohibited conduct involving controlled dangerous substances in parks or recreational areas. Accordingly, the trial court did not err in denying the motion to quash.

ERROR PATENT
We note the existence of a patent sentencing error. La. R.S. 40:981.3E(1) requires the imposition of the maximum fine authorized by the applicable provision of La. R.S. 40:966 through 40:970 for a first conviction of the offense. Herein, the trial court failed to impose the mandatory fine for any of the convictions. On appeal, however, this court cannot correct such an illegally lenient sentence. See State v. Fraser, 484 So.2d 122, 125 (La.1986); State v. Belino, 96-0789, p. 2 n. 3 (La.App. 1st Cir.12/20/96), 686 So.2d 101, 102-103, n. 3 writ denied, 98-2992 (La.6/25/99), 745 So.2d 625.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defendant was also charged, in a separate bill of information, with four counts of distribution of a Schedule II controlled dangerous substance, to wit: cocaine, in a drug free zone, and with one count of distribution of a Schedule I controlled dangerous substance, to wit: marijuana, in a drug free zone. Defendant pled guilty to those offenses at the same time as his plea in the instant case. For each of those five convictions, the trial court sentenced defendant to fifteen years at hard labor, without benefit of parole, and ordered that the sentences run concurrent with the other sentences imposed. In the appeal of those convictions and sentences, defendant raises the identical issue raised herein. See State v. Holmes, 2001 KA 0956, 811 So.2d 960, also decided this date.
[3] In 1990, La. Acts No. 293, § 2 deleted "on or near school property" from the end of the heading of the section, while 1990 La. Acts No. 1027 § 2, which amended paragraph C(1), retained the section heading. Pursuant to the statutory revision authority of the Louisiana State Law Institute, the section heading was printed as set forth in Act 293.