Dear Mr. Finalet:
On behalf of the Louisiana Board of Pharmacy, you have requested our opinion as to the legality and validity of a proposed pilot project between the Louisiana Board of Pharmacy, the Louisiana Department of Education and Governor Blanco's Health Works Commission. The proposal, as it relates to the board, is for the Louisiana Pharmacy Board to (1) approve the nationally accredited curriculum that is currently being utilized in the Pharmacy Technician pilot program approved by the Louisiana Department of Education, and (2) to grant an exception for students enrolled in the high school program to be allowed to complete the initial 200 hour internship.
Presently the administrative rules[1] promulgated by the board with regard to pharmacy technicians provides for a pharmacy technician trainee to meet certain conditions:
1. Age — at least 18 years of age, as evidenced by copy of birth certificate.
2. Character — good moral character and be non-impaired.
3. Submit copy of current criminal background check.
4. Education — high school graduate or GED equivalent, as evidenced by copy of credential.
5. Experience — obtain a minimum of 500 hours practical experience in a pharmacy permitted by the board, as evidenced by signed affidavit.
6. Examination — submit evidence that trainee has passed a Board approved pharmacy technician examination.
Thus, the question you have presented is whether high school students approved by the Health Works Commission who are under eighteen (18) years of age would be able to receive practical experience in a pharmacy department permitted by the Board?
You state that the Governor's Office and the Department of Education have preliminarily requested that the Board amend its pharmacy technician regulations to allow for approved 17-year-olds to qualify as pharmacy technician applicants. The proposal states to "allow secondary students the opportunity to begin the course at age 17, with the understanding that they must be age 18 to take the national exam" and to "grant secondary students in approved programs a waiver allowing them the opportunity to complete not less than 200 hours practical experience, as part of their structured program".
You state that the Board has declined at this time to amend their administrative rules and regulations because of specific concerns, such as: drug free zone laws, minors' access to controlled dangerous substances, HIPAA concerns, and supervisory/discipline concerns of minors.
With regard to the board's first concern of the drug free zone laws, LSA-R.S. 40:981.3 provides for a criminal violation for any person who violates a felony provision of the Uniform Controlled Dangerous Substances Law[2] while on "[a]ny property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus ". The statute further defines "school property" as "[a]ll property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks."[3]
"In interpreting criminal statutes, La.R.S. 14:3 requires that the provisions thereof `be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.'"[4] InState v. Brown,[5] it was argued that R.S. 40:981.3 was unconstitutionally vague and ambiguous because the meaning of "school property" was not clear. The Louisiana Supreme Court found that "'[i]t is clear that the state's objective is to protect children from the dangers of drugs by creating a `drug free zone' in areas where children frequent.'"[6] Thus, while we understand the concern here, we do not find that the clear definition of school property in this statute includes or is intended to include any pharmacy in the community that clearly is not used for school purposes per se, but instead is used on a voluntarily basis to participate in a pilot program to help train school students.
With regard to the board's second concern of minors' access to controlled dangerous substances, we do not find any statutory law which prohibits minors from being in an occupation involving controlled dangerous substances. While LSA-R.S. 23:161 prohibits minors from being employed in certain occupations, such as spray painting or occupations involving exposure to lead, or dangerous or poisonous dyes and chemicals, employment in or around a pharmacy or an occupation with access to controlled dangerous substances is not included under this law. We do note however, that the Secretary of the Department of Labor has the authority, after a public hearing, to determine any other occupation hazardous or injurious to the life, health, safety or welfare of minors. We searched the labor department's administrative rules and regulations[7] and did not find, however, any such ruling by the secretary on this matter.
With regard to the board's third concern of HIPPAA laws, you state that under the Health Insurance Portability and Accountability Act of 1996 ("HIPPAA"), only certain parties are allowed access to confidential healthcare information. You note that pharmacists, pharmacy technicians, and pharmacy interns (students enrolled in a school of pharmacy and registered with the Board) are all considered health care providers who have either a direct or indirect treatment relationship with a patient and are therefore entitled access to a patient's records for those health care services. Because of this concern, the board would obviously need to address this issue by administrative rule in order to ensure compliance with HIPPAA, and/or the employing pharmacy would have to address this issue administratively.
With regard to the board's fourth and final concern regarding the supervisory/discipline authority over the minors, we found that the Louisiana Department of Education's website[8] describes courses in Cooperative Health Occupations as being supervised under the teacher-coordinator and the employer. The website explains the Cooperative Health Occupations as cooperative on-the-job training programs for high school students who have completed the necessary theory and recommended prerequisite skills and are preparing for employment in health care/medicine fields. It further describes that students receive on-the-job experience for which they are paid and that the course is under the supervision of the teacher-coordinator and the employer, and that work-based learning strategies include clinical internships, such as the proposal being made here.
In sum, we do not find any state laws or regulations which specifically prohibit the Louisiana Board of Pharmacy from agreeing to participate in the proposed pilot project with Governor Blanco's Health Works Commission and the Louisiana Department of Education for high school student pharmacy technician interns. This is a policy decision for the board to make. If the board agrees to participate, the present rules and regulations of the pharmacy board would have to be amended in order to provide guidelines for the project and to ensure compliance with other applicable laws, such as HIPPAA.
Trusting this opinion has answered and addressed all of your questions and concerns, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
CCF, JR./ARL/mjb
[1] Title 46, Chapter 8, § 801.
[2] R.S. 40:966 through 970.
[3] LSA-R.S. 40:981.3(C)(2).
[4] State v. Holmes, 811 So.2d 955, 958, 2001-0955 (La.App. 1 Cir. 2/15/02), citing State v. Crawford, 98-0585, pp. 2-3 (La.App. 1 Cir. 12/28/98), 727 So.2d 589, 590.
[5] 94-1290, p. 5 (La. 1/17/95), 648 So.2d 872, 875.
[6] State v. Holmes, at 959.
[7] http://www.state.la.us/osr/lac/40v01/40v01.pdf
[8] http://www.doe.state.la.us/lde/uploads/4768.pdf