CALOGERO, Justice.
Defendant, James Lacour, was charged by bill of information with armed robbery, a violation of R.S. 14:64. He pled guilty to the charge, and on September 16, 1977, he was sentenced to serve five years at hard labor. The trial judge, apparently relying on the second paragraph of La.Code of Crim.Pro. art. 893, suspended the sentence and placed defendant on supervised probation for five years on the condition that he enter and complete a drug rehabilitation program at Odyssey House. On January 11,1978 the state filed a motion to set aside an illegal sentence in the district court, which was denied. The state then made application to this Court for a review of the district court’s ruling.[1] We granted the *522 state’s writ to determine whether suspension of this defendant’s sentence on the condition that he participate in a drug rehabilitation program is contrary to law.
Louisiana Code of Criminal Procedure Article 893 in the first paragraph provides for the suspension of sentence of a first offender on a felony conviction, as follows:
“When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Law of Louisiana, noncapital felony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law and in either case place the defendant on probation under the supervision of the division of probation and parole supervision. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.” (emphasis added)
Under this provision, a defendant must meet two conditions to be eligible for a suspended sentence: he must be a first offender and suspension must be allowed by the law under which he is convicted.
The second paragraph of Article 893 applies to those who are “multiple offenders.” It provides in pertinent part:
“The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs, however if for any reason the defendant is rejected by said program he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence be executed. Rejection by said program shall be a violation of the defendant’s suspended sentence.” (emphasis added)
Under this paragraph, a “multiple offender” [2] may receive a suspended sentence and be placed on parole if he intends to participate in a program authorized by the Federal Narcotics Rehabilitation Act or another federal or state rehabilitation program. Although this paragraph does not specify that the crime must be one for which sentence may be suspended, suspension is allowed only “under the same conditions and by the same procedure as provided for above,” that is, as provided for in the preceding paragraph. That first paragraph authorizes suspension only if the statute under which a defendant is convicted allows for a suspended sentence.
Louisiana Revised Statute 14:64, the statute under which defendant was charged and convicted, expressly prohibits the suspension of sentences for those convicted of armed robbery. That statute provides in pertinent part:
“B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.” (emphasis added)
Because R.S. 14:64 expressly prohibits the suspension of the sentence for one convicted of armed robbery, defendant does not enjoy the opportunity for suspension of sentence afforded by Article 893 and his sentence is illegal.
In brief, defendant does not dispute the state’s argument that the sentence violates the prohibition of R.S. 14:64 nor that *523 La.Code of Crim.Pro. art. 893 is inapplicable, but argues only that the revocation of his suspended sentence after a delay of almost a year would constitute cruel and unusual punishment.
Louisiana Code of Criminal Procedure Article 882 provides that an illegal sentence may be corrected “at any time by the court that imposed the sentence” and that a sentence may be reviewed as to its legality on the application of either the defendant or the state.
In this case, the state notified the defendant of its intention to apply for a remedial writ on September 21, 1977, only five days after the sentence was imposed. The state, however, did not file a writ at that time. The state thereafter filed a motion in the district court to set the sentence aside; that motion was denied February 23, 1978. The state again notified the defendant of its intention to apply to this Court on February 27, 1978 and did in fact apply for the writ on April 20, 1978. Any resulting prejudice to the defendant from the delay in the state’s application to correct the illegal sentence is insufficient to warrant affirming the trial judge’s denial of the motion. Consequently defendant’s illegal sentence must be vacated and the case remanded for sentencing in accordance with law and consistent with the opinion of this Court.

Decree

For the foregoing reasons, the denial of the state's motion to set aside the illegal sentence is reversed and ,the case remanded for resentencing in accordance with law.
RULING OF TRIAL COURT REVERSED; CASE REMANDED FOR RE-SENTENCING.

. In this application, the state also seeks to set aside the sentence of Lacour’s co-defendant, Michael Groves, who also pled guilty and who also received a suspended sentence. Defendant Groves, however, was not present at the district court hearing on the motion to set aside the illegal sentence. By order of that court, the motion as to Groves was continued, to be reassigned. There is no indication in the record that this motion has been acted upon by the district court. Consequently, the legality of the *522 suspended sentence of Groves is not before this Court in this writ application.

. There is no evidence in the record of this case which indicates that defendant Lacour is a first offender or a multiple offender. The state has not alleged that he is a multiple offender nor has it charged him under the habitual offender statute, R.S. 15:529.1.