442 So.2d 735 (1983)
STATE of Louisiana
v.
Robert HUDSON.
No. 83 KA 0515.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*736 Ossie B. Brown, Dist. Atty. by Donald R. Johnson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Bonnie Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Robert Hudson, appeals his 10-year sentence at hard labor[1] imposed under the habitual offender statute[2] for his conviction of simple burglary of a Baton Rouge dress shop in violation of LSA-R.S. 14:62. He contends that the sentence is excessive. We find no manifest abuse of the trial court's discretion in imposing this sentence and, therefore, affirm.
Defendant argues that his sentence for this non-violent crime is excessive because first offenders of certain violent crimes could be sentenced to the same confinement period. Further, defendant lists other violent offenses where the maximum possible enhanced penalties are less than the sentence imposed herein.
It is the prerogative of the legislature to determine the length of sentences imposed for crimes classified as felonies. See State v. Prestridge, 399 So.2d 564 (La. 1981). Given the statutory limits of the sentence, the trial court has great discretion in the imposition of sentences therein. Accordingly, the sentence imposed by the trial court will not be set aside in the absence of a manifest abuse of discretion. State v. Spencer, 374 So.2d 1195 (La.1979).
For a simple burglary conviction, the legislature has mandated a maximum term of twelve years. Under the habitual offender statute, the permissible range of sentence for this offense is between a four-year minimum sentence and a twenty-four year maximum sentence. The ten-year sentence actually imposed herein is less than one-half the maximum allowable sentence.
In imposing this length of sentence upon the defendant, the trial court stated several factors as the basis for his decision. The trial judge stated that he found no provocation for defendant's action and, further, that the defendant had to know that his conduct would cause harm to another. The trial judge noted that the defendant had a history of prior arrests and a prior conviction. It was the trial judge's opinion that defendant's attitude reflected that he would be likely to commit another crime. In addition, the trial judge stated that there was nothing in defendant's records to indicate that he had learned anything from his previous probation sentence. The trial judge also felt that any less of a sentence would deprecate the seriousness of the defendant's conduct.
Based on the above factors, we find no manifest abuse of discretion on the part of the trial court in imposing a ten-year sentence *737 in this matter. Accordingly, we affirm.
AFFIRMED.
NOTES
[1] The sentencing transcript does not reflect that the sentence was imposed at hard labor, although the court specifically remanded defendant to the custody of the Department of Corrections. However, under L.S.A.-R.S. 15:824(C), only individuals actually sentenced to death or confinement at hard labor can be remanded to the Department of Corrections. Further, the minute entry for March 15, 1983 does specify the sentence at hard labor.
[2] Upon petition by the State, the trial court found the defendant to be an habitual offender under L.S.A.-R.S. 15:529.1 et seq. based on a 1977 charge for attempted first degree murder to which the defendant pled guilty.