BARRY, Judge.
The defendant pled guilty to possession of cocaine in violation of R.S. 40:967 C(2) and admitted a prior conviction for possession of heroin. The court sentenced him as a multiple offender to a suspended three years at hard labor and placed him on three years active probation conditioned upon his acceptance into a drug rehabilitation facility. The State seeks review of the sentence.
We note the defendant’s sentence may be suspended under a written multiple bill or if no multiple bill (even oral) is filed. R.S. 40:967 C(2) provides for a sentence up to five years and a fine of not more than $5,000.00, but does not prohibit probation or suspension of sentence. The defendant was sentenced pursuant to C.Cr.P. Art. 893 B which provides:
The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender who has been convicted, in the instant offense, of a violation of the Controlled Dangerous Substances Law of Louisiana, other than the production, manufacture, distribution or dispensing, or possession with intent to produce, manufacture, distribute or dispense, or the attempt to produce, manufacture, distribute or dispense, or the attempt to possess with intent to produce manufacture, distribute, or dispense, a controlled dangerous substance, and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs; however, if for any reason the defendant is rejected by said program, he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence executed.
The procedure under which Subpart B is implemented is set forth in Subpart A, which provides that a sentence may be suspended “where suspension is allowed under law”. Thus, our Supreme Court has held that in order for a multiple offender to be given a suspended sentence pursuant to Art. 893 B, the statute under which he was *1269 convicted must permit suspension of sentence. State v. Lacour, 363 So.2d 521 (La.1978).
R.S. 40:967 C(2) does not prohibit probation and suspension of sentence which the trial court authorized.
WRIT DENIED.