BLANCHE, Justice.
This case presents a question relative to when a criminal trial court’s jurisdiction is divested under La.C.Cr.P. art. 916. Because we find that the trial court was never divested of its jurisdiction, we will treat this as an application for supervisory writs which we hereby grant for the sole purpose of addressing the jurisdictional issue contained herein.
The defendant, Glenn Creel, was charged by bill of information with distribution of a controlled dangerous substance in violation of La.R.S.. 40:968 on May 2, 1977. He was found guilty of the charged offense on July 7, 1977. Prior to sentencing, defendant filed a motion for a new trial on.September 1, 1977, which was denied by the trial court on September 9, 1977. On December 9, 1977, prior to sentencing on the original conviction, the state filed a multiple offender bill against the defendant pursuant to La.R.S. 15:529.1 alleging that the defendant had two prior Louisiana felony convictions and one prior Mississippi felony conviction. On January 13, 1978, the trial court found the defendant guilty as a third offender under La.R.S. 15:529.1 and sentenced him to nine years at hard labor.
On the same day, the defendant filed a motion for an appeal under La.C.Cr.P. art. 914. This motion for an appeal contained an order directing the court reporter to prepare the record and transcript of the proceedings and an order that the defendant present his assignments of error within thirty days. The trial judge signed these orders. We note, however, that nowhere in the record or the trial court minutes is there an order of appeal or the setting of a return date by the trial court as required under La.C.Cr.P. art. 915.
On April 26, 1978, apparently on its own motion “in the best interests of Louisiana and the defendant”, the trial court vacated the defendant’s conviction and sentence and ordered that the defendant be granted a new trial “to be retried on a [sic] highest priority the State can give this matter.”
The case lay dormant until January 20, 1982,[1] when the State filed a motion to make the sentence executory. On March 8, 1982, the defendant filed an objection to the state’s motion and also filed a motion to quash the prosecution. Although the defendant’s motions contained orders signed the same day by the Honorable Louis P. Trent, judge ad hoc for section “I” of the Criminal District Court, Parish of Orleans, denying the State’s motion to make the sentence executory and quashing the bill of information for untimely prosecution, the court minutes reflect that the trial court ruled on March 9, 1982, that it did not have jurisdiction to decide either of the defendant’s motions.
We are thus faced with the question of whether the trial court was ever divested *653 of its jurisdiction when the defendant filed his motion for an appeal on January 13, 1978. We find that the trial court was never so divested of its jurisdiction.
At the time of trial, La.C.Cr.P. art. 915 read[2], in pertinent part:
A. When a motion for an appeal is made in conformity with Articles 912 and 914, the court shall order an appeal and set the return date in the order. When a motion for an appeal has been timely filed, the appeal shall not be affected by any fault or omission on the part of the trial court. (Emphasis added.)
[[Image here]]
La.C.Cr.P. art. 916 reads, in pertinent part:
The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to: (Emphasis added.)
[[Image here]]
The language of La.C.Cr.P. arts. 915 and 916 is clear and unambiguous. In order for the trial court to be divested of its jurisdiction, an order of appeal must be entered. An examination of the record and the trial court minutes reflects that an order of appeal was never entered in this case. Additionally, we note that no notice of any order of appeal was filed with this Court as required under La.C.Cr.P. art. 915.1.
While it is true that the defendant filed a motion for appeal on January 13, 1978, thus preserving his right to appeal, see La.C.Cr.P. art. 914, the order emanating from this motion was merely preparatory in nature and did not constitute an order of appeal. The order signed by the trial court on January 13, 1978, did two things; it ordered the court reporter to prepare the record and the trial transcript, and it ordered the defendant to file his assignments of error within thirty days of the signing of the order. The order did not order an appeal, nor did it set a return date for an appeal. It did not even state that defendant’s motion for an appeal had been granted. As such, it did not constitute an “order of appeal” such as to divest the trial court of its jurisdiction. La.C.Cr.P. art. 916.
As the trial court was never divested of its jurisdiction, the April 26, 1978 order vacating the defendant’s conviction and sentence and ordering a new trial was a valid exercise of the trial court’s discretion under La.C.Cr.P. art. 851(5).[3] The trial court, realizing that it had made a mistake in denying the defendant’s motion for a new trial, reconsidered its previous action and granted a new trial. As jurisdiction had not yet been divested, the trial court still retained jurisdiction to so act.
DECREE
For the reasons stated, the application for supervisory jurisdiction is granted and the case is remanded to the trial court for proceedings consistent with this opinion.
WRIT GRANTED; CASE REMANDED
LEMMON, J., dissents and assigns reasons.

. By this time, the original trial court judge had left to sit on the Fourth Circuit Court of Appeals and this case had been transferred to a different judge.

. La.C.Cr.P. art. 915 was later amended by Acts 1982, No. 143, § 1 to provide, among other things, that the court order the appeal and set the return date "immediately.”

. La.C.Cr.P. art. 851(5) states:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
[[Image here]]
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.