PER CURIAM.
The defendant,. Henry Joseph Anderson, was charged by bill of information with attempted armed robbery in violation of LSA-R.S. 14:64 and 14:27. Pursuant to a plea bargain agreement with the state, Anderson pled guilty to attempted first degree robbery in violation of LSA-R.S. 14:64.1 and 14:27. He was sentenced to three years at hard labor without benefit of parole, probation or suspension of sentence.
B. Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence. 499 So.2d — 5
Anderson asserts in his assignment of error that the sentence imposed upon him is “illegally severe and in error” because the ineligibility for parole, probation, or suspension of sentence portion of LSA-R.S. 14:64.1 could only attach to the minimum term of one and one-half years. Finding that defendant’s argument is without merit and that the trial court did not abuse its discretion in sentencing defendant, we affirm.
Defendant was shopping in Harper’s Army Surplus Store in West Monroe, Louisiana when he pulled a .25 caliber automatic pistol on the sales clerk and requested the money in the cash register. After the sales clerk pushed the alarm button, defendant became frightened and ran out of the store. He was subsequently apprehended near the scene of the crime, and police officers were able to recover the gun used after defendant told them its location.
Defendant argues in this appeal that the penalty provision of LSA-R.S. 14:64.1[1] should be interpreted as requiring only the minimum sentence to be served without benefit of parole, probation or suspension of sentence similar to the interpretation given to the penalty provision of LSA-R.S. 14:62.2[2] in State v. Conley, 411 So.2d 448 (La.1982) and State v. Boowell, 406 So.2d 213 (La.1981).
The sentence structure of LSA-R.S. 14:64.1 closely resembles the sentence structure of the penalty provision of LSA- *142 R.S. 14:64[3] which has been interpreted as requiring that the entire sentence imposed be served without benefit of parole, probation or suspension of sentence. State v. LaCour, 363 So.2d 521 (La.1978); State v. Marshall, 479 So.2d 598 (La.App. 1st Cir. 1985). Because the penalty provision of LSA-R.S. 14:64.1 follows the language of LSA-R.S. 14:64 rather than the language of LSA-R.S. 14:62.2, it should be interpreted in the same manner so as to require that the entire sentence imposed thereunder be without benefit of parole, probation or suspension of sentence. The “without benefit” language clearly refers to the entire sentence, not the minimum sentence only.
Defendant does not contend that the trial judge erred in following the guidelines of LSA-C.Cr.P. Art. 894.1 or that the sentence imposed is unconstitutionally excessive. However, this court notes that the trial judge considered the aggravating and mitigating circumstances of LSA-C.Cr.P. Art. 894.1 in addition to other circumstances associated with the defendant.
The trial court recognized that even though defendant’s motive for committing the robbery was to obtain money for his family, that is no justification for his conduct. Although defendant is a first time felony offender, he was arrested for shoplifting while on bail for the present offense and was subsequently convicted. Furthermore, defendant was afforded considerable leniency by virtue of the plea bargain agreement which reduced his potential exposure to confinement from a possible forty-nine and one-half years at hard labor without benefit of parole, probation or suspension of sentence for attempted armed robbery to a possible twenty years at hard labor without benefit of parole, probation or suspension of sentence for attempted first degree robbery.
Even in light of his necessitous circumstances, the three year sentence imposed on defendant was relatively lenient considering the serious nature of the offense which he committed. The sentence was not unconstitutionally excessive nor was it illegally imposed. The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The penalty provision of LSA-R.S. 14:64.1 provides as follows:

. The penalty provision of LSA-R.S. 14:62.2 provides as follows:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.

. The penalty provision of LSA-R.S. 14:64 provides as follows:
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.