606 So.2d 13 (1992)
STATE of Louisiana
v.
Charles HENSLEY.
No. 92-KA-292.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1992.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for appellant Charles Hensley.
Dorothy A. Pendergast, Asst. Dist. Atty., Research and Appeals, Gretna, for appellee State.
Before KLIEBERT, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Charles Hensley, appeals from his sentence (fifteen years at hard labor, without benefit of parole, probation or suspension of sentence and a fine of $15,000), as a result of his conviction for distribution of cocaine within 1000 feet of school property (La.R.S. 40:967(A)(1) and 981.3). We amend the sentence and, as amended, affirm.
On July 17, 1990, Deputy Morse of the Jefferson Parish Sheriff's Office received information from a confidential informant that a man was selling narcotics "at 1521 Ames on the Happy Street Side." He made arrangements for the informant to accompany him to that location, where he, working undercover, would attempt to purchase drugs. At approximately 6:30 p.m. Deputy Morse and the informant parked in the lot of the Chateau D'Ames apartments. The informant exited the vehicle and spoke to several black males who were standing in the area. The informant walked into the complex and a man approached Deputy Morse in the vehicle. The man asked Deputy Morse what he wanted and was told, "two rocks". The man, who was holding his hand in a loose fist, opened his hand and revealed about 10-12 small rocks. He told Deputy Morse to pick two of them. He did, then he handed the man $40 and the man walked away. The informant returned and Deputy Morse drove away with him.
Wilton Dufrene surveyed the area surrounding Lincoln Elementary School and found that the above drug sale occurred 245.57 feet from the school property.
On June 25, 1991, the defendant went to trial before a jury for distribution of cocaine within 1000 feet of school property (La.R.S. 40:967(A)(1) and 981.3). Deputy Morse identified the defendant as the man from whom he purchased the two rocks and the jury returned a guilty verdict. Pursuant to La.R.S. 40:981.3(E)(1), the court sentenced the defendant to fifteen years at hard labor, without benefit of parole, *14 probation or suspension of sentence and a $15,000 fine. Defendant appealed, arguing first, that the sentence was illegal, and second, all errors patent.
Specifically, the defendant argues that La.R.S. 40:981.3(E)(1), is ambiguous and its ambiguity should be resolved against the state.
La.R.S. 40:981.3(E)(1) provides:
On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
The "applicable provision" pertinent to this case is La.R.S. 40:967(B)(1), distribution of a Schedule II narcotic drug, which provides that an offender be sentenced to "a term of imprisonment at hard labor for not less than five years nor more than thirty years; in addition he may be sentenced to pay a fine of not more than fifteen thousand dollars."
The defendant contends that the part of La.R.S. 40:981.3(E)(1) which provides "with the minimum mandatory term of imprisonment being served without benefit ...", is ambiguous, because it could refer to either the minimum mandatory term in La.R.S. 40:967(B)(2), (five years), or the minimum mandatory term calculated under La.R.S. 40:981.3(E)(1), (fifteen years). Thus the defendant argues that the ambiguity should be strictly construed against the state, relying on State v. Russland Enterprises, 555 So.2d 1365 (La.1990).
The rule of construction applicable here is found in La.R.S. 14:3 which provides:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
La.R.S. 40:981.3 was added by Acts 1989, No. 171, and states that it was enacted "to define and provide for zones within which the commission of certain criminal activities shall result, upon conviction, in increased penalties ..." Thus it is clear that the purpose of the provision is to enhance the penalties for the drug-related felony offenses which occur near schools.
The statute unquestionably enhances the offender's term of imprisonment by setting the minimum term at "not less than one-half... the maximum term" authorized by the underlying offense "provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970."
The manner in which the enhanced term is to be served, namely, with or without benefit of parole, probation or suspension of sentence, is at issue here. La.R.S. 40:981.3(E)(1) states that the minimum mandatory term is to be served without benefit of parole, probation or suspension of sentence. The defendant contends that the minimum mandatory term is the five years in La.R.S. 40:967(B)(1). The state contends that the minimum mandatory term is the fifteen years in La.R.S. 40:967(A)(1) and 981.3. We find the defendant's position to be a strained interpretation of the provision that does not coincide with the purpose and intent of the statute. Applying La.R.S. 14:3 to La.R.S. 40:981.3(E)(1), we conclude that the part of the provision referring to "the minimum mandatory term" is not ambiguous and refers to the minimum mandatory term calculated under that section (fifteen years at hard labor).
Furthermore, in the last phrase of La. R.S. 40:981.3(E)(1), where the reference to "minimum term" was to the minimum in the individual applicable offenses, that was clearly expressed, indicating the contrary was intended in the earlier reference.
*15 Therefore we hold that the defendant's sentence is not illegal and that the trial court did not err in sentencing the defendant to fifteen years at hard labor, without benefit of parole, probation or suspension of sentence and a $15,000 fine.
Defendant also requested that this court review the record for patent error. In doing so, we find that the trial transcript does not reflect that the defendant was given credit for time served. For the reasons stated above, defendant's sentence is amended to give him credit for time served, and is affirmed, as amended.
AMENDED AND AFFIRMED, AS AMENDED.