652 So.2d 1049 (1995)
STATE of Louisiana
v.
Carroll J. HEBERT.
No. 94-K-2223.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1995.
Harry F. Connick, Dist. Atty., Maurice Landrieu, Asst. Dist. Atty., Claudette L. Bienvenu, Anthony Haynes, Law Clerks, Parish of Orleans, New Orleans, for State of Louisiana/relator.
*1050 William Noland, Gregory K. Voigt, New Orleans, for defendant/respondent.
Before CIACCIO, LOBRANO and PLOTKIN, JJ.
CIACCIO, Judge.
In light of a writ application filed by the State of Louisiana, we certified the following questions to the Louisiana Supreme Court:
(1) Does the holding in State v. Dorthey, 623 So.2d 1276 (La.1993), allow a trial court to impose a sentence that is below the minimum sentence permitted under the substantive offense for which the defendant was convicted?
(2) Does the holding of Dorthey allow a trial court to suspend the execution of a jail sentence when suspension of the sentence is prohibited by law?
The Supreme Court denied certification on February 9, 1995. In view of the Supreme Court's action, we now grant certiorari to consider the State's application.
On January 22, 1993, the defendant was charged with possession of heroin, a violation of La.R.S. 40:966. He was arraigned on January 27 and pled not guilty. However, on August 19, he withdrew his plea and entered a plea pursuant to State v. Crosby. At that time, the State objected to sentencing under La.R.S. 40:983. On December 3, the defendant was sentenced under the provisions of La.R.S. 40:983 and placed on five years active probation with special conditions. The State noted its objection to the plea and sentencing under La.R.S. 40:983, and it sought writs to our Court. In State v. Carroll J. Hebert, unpub. 93-2549 (La.App. 4th Cir. 3/24/94), we vacated the defendant's sentence, finding that the defendant was ineligible for probation under La.R.S. 40:983 because he had two prior convictions under Title 40. We then remanded the case.
On October 14, 1994, the trial court sentenced the defendant to the minimum term of four years at hard labor, but it suspended the sentence and placed the defendant on five years probation, citing as authority State v. Dorthey, supra. The State objected to the sentence because the defendant had a prior felony conviction and subsequently filed the present writ application to our Court.
It is well settled in Louisiana jurisprudence that the determination and definition of acts which are punishable as crimes are purely legislative functions. State v. Taylor, 479 So.2d 339 (La.1985); State v. Rodriguez, 379 So.2d 1084 (La.1980). It follows that the legislative power to create and define criminal offenses and to provide the penalties for violations thereof cannot be delegated. State v. Whitlock, 193 La. 1044, 192 So. 697, 700 (1939), citing State v. Maitrejean, State of Louisiana v. Henry J.D. Harris and C.M. Rhodes, 193 La. 824, 192 So. 361 (1939).
In State v. Dorthey, supra, the Louisiana Supreme Court recognized that the review of a sentence is an established function of the judicial branch, and stated:
The record indicates that the trial judge had difficulty imposing a twenty year sentence on a twenty seven year old crack cocaine addict simply because he had been convicted for a fourth time for possession of cocaine.... If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
Dorthey, 623 So.2d at 1280-1281. The Court remanded the case for the trial court's "determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of La.R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing." Id. at 1281.
In the instant case, the statute under which the defendant pled, La.R.S. 40:966(C)(1), expressly prohibits the suspension of a sentence and probation. The trial *1051 judge relied on Dorthey to impose a sentence suspending the execution of a jail sentence where suspension is prohibited by the statute. We find the trial judge erred in doing so.
The case before us is distinguishable from Dorthey. Dorthey was specifically limited to an enhanced sentence under the habitual offender statute and not a mandatory minimum sentence imposed by a substantive criminal statute, as in the instant case. There is nothing in the Dorthey holding that authorizes a trial court to disregard the legislatively mandated sentencing provisions of a substantive, unenhanced criminal statute and we do not interpret Dorthey as authority to ignore the legislative mandate of La.R.S. 40:966(C)(1).
The trial judge, by imposing a suspended sentence where suspension of a sentence is expressly prohibited by the statute, in effect, assumed a function reserved to the legislature. Such being the case, we find a trial court cannot use the considerations of Dorthey to suspend the execution of a jail sentence where suspension of a sentence is prohibited by law or to impose a sentence that is below the minimum sentence permitted under the substantive offense. To conclude otherwise would give trial judges the broad discretion to ignore the mandatory minimum sentencing provisions of all criminal statutes.
Accordingly, this writ application is granted and the sentence imposed by the trial court is vacated. The case is remanded to the trial court for resentencing in accordance with the provisions of La.R.S. 40:966(C)(1).
WRIT GRANTED; SENTENCE VACATED AND REMANDED.