664 So.2d 712 (1995)
STATE of Louisiana, Plaintiff-Appellant,
v.
Ruble Tendle WRIGHT, Defendant-Appellee.
No. CR95-377.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1995.
*713 Sheryl Lynn Laing, Charles F. Wagner, Dist. Atty., for State of Louisiana.
Charles Joseph Yeager, for Ruble Tendle Wright III.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
WILLIAM N. KNIGHT, Judge Pro Tem.
Defendant pled guilty to distribution of a controlled substance in a school zone, a violation of La.R.S. 40:966(A) and La.R.S. 40:981.3 and was sentenced to five years at hard labor to run concurrent with docket number 236,542. The sentence was suspended on the condition that defendant serve five years on probation and that defendant serve one year in the parish jail, subject to work release. The state appeals defendant's sentence. Finding error on the part of the trial court, we vacate defendant's sentence and remand for resentencing.

FACTS
On December 9, 1993, defendant, Ruble Tendle Wright, allegedly distributed marijuana on property used for school purposes by Alexandria Senior High School. On January 5, 1994, a bill of information was filed charging the defendant with distribution of a controlled dangerous substance in a school zone in violation of La.R.S. 40:981.3. Subsequently, in open court, the state amended the bill to include the statutory citation, La.R.S. 40:966(A), for distribution of a controlled dangerous substance, schedule Imarijuana. On February 2, 1995, pursuant to a plea agreement, the defendant withdrew his former plea of not guilty and entered a guilty plea as charged. According to the plea agreement, the state agreed to dismiss all additional charges, and defendant agreed to dismiss his appeal in a separate criminal proceeding in docket number 236,542. Before accepting defendant's plea of guilty, the trial court fully Boykinized the defendant and informed him of the possible penalties. The trial court then sentenced the defendant to five (5) years at hard labor to run concurrent with defendant's sentence in docket number 236,542. The sentence was suspended on the condition that defendant serve five (5) years on probation and one (1) year in the parish jail, subject to work release. Defendant was also ordered to abide by all the conditions set forth in La.Code Crim.P. art. 895 during the probationary period. At that point, the state made an oral motion to reconsider sentence which was denied by the trial court. Also, the state orally moved to appeal the sentence.

PROCEDURAL ISSUES
Defendant filed with this court a motion to dismiss the appeal, wherein he claims this court does not have jurisdiction over the appeal because the appeal is not properly before this court. Specifically, defendant argues that under State v. Creel, 450 So.2d 651 (La.1984), the absence of a properly issued order of appeal, even if a motion for appeal is timely filed orally or in writing under La. Code Crim.P. art. 914, as here, does not divest the trial court of jurisdiction and vest it in the Court of Appeal.
However, State v. Creel was rendered pursuant to old La.Code Crim.P. art. 915 which provided:
A. When a motion for an appeal is made in conformity with Articles 912 and 914, the court shall order an appeal and set the return date in the order. When a motion for an appeal has been timely filed, the appeal shall not be affected by any fault or omission on the part of the trial court. (Emphasis ours).
The emphasized part of old Article 915 was deleted when Article 915 was amended by Acts 1988, Number 525 § 1. The Article as *714 amended came into effect on September 9, 1988. Now Article 915 reads as follows:
A. When a motion for an appeal is made in conformity with Articles 912, 914, and 914.1 the trial court shall grant or deny the motion within seventy-two hours, exclusive of legal holidays, after the motion is made. The return date shall be sixty days from the date the motion for appeal is granted, unless the trial judge fixes a lesser period. When a motion for an appeal has been timely made, the appeal shall not be affected by any fault or omission on the part of the trial court. (Emphasis ours).
We find that by amending Article 915 the legislature gave the trial court the discretion of either granting or denying an appeal. The legislature changed the language from "the trial court shall order an appeal and set the return date in the order " to "the trial court shall grant or deny the motion within seventy-two hours ... after the motion is made." The trial court, in the present case, used its discretion to grant the appeal.
In the case sub judice, the state orally moved for an appeal. The trial court stated, "You maymay consider it timely, but I think you want it in writing." The minute entry for the plea and sentence reflects that the "Court grants states [sic] motion for appeal." Defendant asserts that the comments in the transcript of the plea and sentencing contradicts the minute entry and thus, the transcript prevails. However, we find that the trial court comments should be construed that an appeal, although an oral one, had been granted. Also, the record contains a notice of appeal which states the state made an oral request for an appeal on February 2, 1995. An order granting the appeal was entered on February 2, 1995 from the judgment on the same day and made returnable to this court "according to law." An oral motion for appeal is sufficient, there is no requirement that it be in writing. See La.Code Crim.P. art. 914. Therefore, we find that the state's appeal is properly before this court, the trial court was divested of its jurisdiction and jurisdiction now vests with this court. See La.Code Crim.P. art. 916. Thus, defendant's contention is without merit.
Defendant also contends the state failed to designate the record for appeal, therefore, denying him the right of cross-designation of the record for judicial review based on a complete record of all evidence upon which the judgment is based. La.Code Crim.P. art. 914.1 provides, in pertinent part, that:
A. The party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged. Not later than five days after the motion, the opposing party may designate in writing the transcript of that portion or portions of the proceedings necessary to oppose the appeal.
* * * * * *
D. The trial court or the appellate court may designate additional portions of the transcript of the proceedings which it feels are necessary for full and fair review of the assignment of error.
Even though the state did not designate the transcripts necessary for review of its assignment of error, we find that defendant could have designated that portion of the record he felt would be necessary to oppose the state's appeal of the trial court's interpretation of La.R.S. 40:981.3 and imposition of an illegal sentence. In the case sub judice, defendant designated as part of the record a transcript of a hearing on a motion to quash held on November 29, 1994 and the testimony of witnesses at a hearing on another motion to quash held on February 2, 1995. Defendant's designation of the record was ordered filed and granted on June 20, 1995, well beyond five (5) days after the appeal was granted. See La.Code Crim.P. art. 914.1(A). However, in the interest of judicial economy, we will accept defendant's designation of the record. Further, the record submitted with this appeal is sufficient for a full and fair review of the state's assignment of error. Therefore, defendant's contention is without merit.
Accordingly, we conclude that defendant's motion to dismiss the appeal should be denied.

*715 ASSIGNMENT OF ERROR

The state argues that the trial court erred in its interpretation of the sentencing provisions of La.R.S. 40:981.3 as to allowing a sentence less than fifteen years without the benefit of probation, parole, or suspension of sentence.
Defendant, on the other hand, contends La.R.S. 40:981.3 is an enhancement statute like La.R.S. 15:529.1, and a trial judge, pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993), could determine that the mandatory minimum sentence imposed under La.R.S. 40:981.3 is constitutionally excessive.
In the case sub judice, the trial court, believing it had the discretion to impose a sentence either under La.R.S. 40:981.3 or La.R.S. 40:966, imposed a five (5) year suspended sentence under La.R.S. 40:966, which was also in accordance with an apparent plea bargain agreement.
Therefore, the first question is whether the statute under which defendant was convicted was a substantive statute or an enhancement statute.
In Dorthey, 623 So.2d 1276, the Louisiana Supreme Court was confronted with the question of whether the Habitual Offender Statute and its penalties dictated by the Legislature pursuant to La.R.S. 15:529.1 violate the constitutionally-required separation of powers between the judicial and legislative branches. The supreme court also addressed the constitutional excessiveness of the sentence imposed under the Habitual Offender Statute noting that if the trial court found the minimum sentence under La.R.S. 15:529.1 to be unconstitutionally excessive then the trial court could impose a sentence below the minimum. In addressing the separation of powers claim the supreme court stated:
It is a well established principle that the determination and definition of acts which are punishable as crimes is purely a legislative function. State v. Taylor, 479 So.2d 339 (La.1985); LSA-R.S. 14.7 [sic]. It is the Legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Hudson, 442 So.2d 735 (La.App. 1st Cir. 1983). Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. State v. Stetson, 317 So.2d 172 (La.1975).
Dorthey, 623 So.2d at 1278.
The supreme court in Dorthey also stated:
Under Louisiana's Habitual Offender law a bill of information alleging that a defendant is a recidivist does not charge a new crime but merely advises the trial court of circumstances, and seeks enhanced punishment following a defendant's most recent conviction. "The enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime." State v. Walker, 416 So.2d 534, 536 (La.1982); State v. Hayes, 412 So.2d 1323 (La.1982); State v. Stott, 395 So.2d 714 (La.1981). Thus, a ruling at a multiple offender hearing is not "a definitive judgment" but merely "a `finding' ancillary to the imposition of sentence." State v. Stott, supra.

* * * * * *
In essence, based on our understanding of the traditional role of the district attorney in criminal prosecution and the power of the Legislature to vest him with discretionary functions pertaining to criminal prosecution at the initial and subsequent stages of prosecution, we conclude that the provisions of 15:529.1 do not violate Louisiana's constitutional separation of powers. By imposing certain habitual offender statuses [sic] and corresponding penalties, the Legislature has merely established a procedure which enables a district attorney to seek and the courts to exact more severe sentences on defendants who repeatedly violate the criminal laws. The Legislature has acted within its constitutional authority which allows it to determine and define a crime and provide its penalty. It has not delegated any of its duties to the judicial or executive branches, nor has it usurped the judiciary's discretion in sentencing a defendant. Accordingly, no separation of powers violation exists. Consequently, the *716 judgment of the district court, holding R.S. 15:529.1 unconstitutional, will be reversed.
Dorthey, 623 So.2d at 1278-1280.
In State v. Hebert, 94-2223 (La.App. 4 Cir. 3/16/95), 652 So.2d 1049, the fourth circuit, finding a trial court cannot use the considerations of Dorthey to suspend the execution of a jail sentence where suspension of a sentence is prohibited by law or to impose a sentence below the minimum sentence permitted under the substantive offense, stated:
The case before us is distinguishable from Dorthey. Dorthey was specifically limited to an enhanced sentence under the habitual offender statute and not a mandatory minimum sentence imposed by a substantive criminal statute, as in the instant case. There is nothing in the Dorthey holding that authorizes a trial court to disregard the legislatively mandated sentencing provisions of a substantive, unenhanced criminal statute and we do not interpret Dorthey as authority to ignore the legislative mandate of La.R.S. 40:966(C)(1).
The trial judge, by imposing a suspended sentence where suspension of a sentence is expressly prohibited by the statute, in effect, assumed a function reserved to the legislature. Such being the case, we find a trial court cannot use the considerations of Dorthey to suspend the execution of a jail sentence where suspension of a sentence is prohibited by law or to impose a sentence that is below the minimum sentence permitted under the substantive offense. To conclude otherwise would give trial judges the broad discretion to ignore the mandatory minimum sentencing provisions of all criminal statutes.

Hebert, 652 So.2d at 1051.
In the present case, La.R.S. 40:981.3 imposes a mandatory minimum sentence for a substantive criminal statute like that explained in Hebert, and not an enhanced sentence like that imposed for the habitual offender statute. Therefore, we find that the trial court did not have the discretion to impose a sentence pursuant to La.R.S. 40:966 and it should have imposed a sentence within the range provided by La.R.S. 40:981.3.
In determining La.R.S. 40:981.3 is a substantive statute, we also looked at the additional element of distribution in a school zone which must be proved by the state as an essential element of the crime. An enhancement statute, like the Habitual Offender Statute, is not a separate crime nor does it contain elements that must be proved by the state at the trial. In fact, enhancement statutes are applied after the trier of fact has determined guilt or innocence. Thus, defendant's contention that La.R.S. 40:981.3 is an enhancement statute is without merit.
Upon finding La.R.S. 40:981.3 to be a substantive statute, we must address whether the sentence imposed by the trial court is illegally lenient.
The penalty for distribution of a controlled dangerous substance in a school zone, La. R.S. 40:981.3(E)(1) is:
On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
La.R.S. 40:966(B)(2) provides for imprisonment at hard labor for not less than five (5) years nor more than thirty (30) years and payment of a fine of not more than fifty thousand dollars. Defendant should have received the maximum fine of fifty thousand dollars and a term of incarceration of not less than one-half the maximum sentence [fifteen (15) years] nor more than the thirty (30) year maximum sentence, with the minimum mandatory term of incarceration being served without benefit of probation, parole, or suspension of sentence. See State v. Shillow, 602 So.2d 28 (La.App. 3 Cir.1992); State v. Brown, 606 So.2d 586 (La.App. 5 Cir.1992), writ denied, 92-2945 (La. 1/28/94), 630 So.2d 786; and State v. Hensley, 606 So.2d 13 (La.App. 5 Cir.1992).
*717 However, the sentence imposed by the trial court was five (5) years at hard labor to run concurrent with defendant's sentence in docket number 236,542, which sentence was suspended on the condition that defendant serve five (5) years on probation and one (1) year in the parish jail subject to work release. Defendant was also ordered to abide by all the conditions set forth in La.Code Crim.P. art. 895 during the probationary period. Therefore, we find that the sentence imposed was illegally lenient in two aspects, namely: (1) the trial court did not impose the mandatory fine and (2) the trial court imposed a sentence less than the mandatory minimum provided by La.R.S. 40:981.3.
However, defendant filed with this court a motion to remand for a sentencing hearing and to set aside the guilty plea and conviction. Defendant later narrowed his motion asking for a remand to hold a hearing on the issue of rescinding the plea bargain due to fraudulent misrepresentation and violation of due process. Defendant's main claim is that a stipulated sentence was agreed to and the state breached the plea bargain by not basing the appeal on a Dorthey review. We find that there is nothing in the record indicating the appeal was based on a Dorthey review.
At the close of the hearing on several motions filed by defendant, defendant's counsel addressed the trial court stating that defendant and the state reached a plea agreement. The state affirmed there was an agreement. The guilty plea form indicates as part of the plea agreement defendant would receive a sentence of five (5) years at hard labor; the sentence would be suspended and defendant placed on five (5) years probation and serve one (1) year in the parish jail subject to work release; the sentence would run concurrent to the sentence received in docket number 236,542; while on probation defendant would abide by La.Code Crim.P. art. 895; and defendant would have to pay court costs and restitution. The State agreed to dismiss docket numbers 236,546 and 238,590. The transcript of the imposition of sentence indicated the Assistant District Attorney understood defendant, pursuant to rulings on "some" motions and conversations between counsel, intended to withdraw his plea of not guilty and enter a plea of guilty to the charge. Defendant also acknowledged that his signature appeared on the guilty plea form. The trial court informed defendant the maximum sentence he could receive and then inquired as to whether any promises or inducements had been made to get defendant to plead guilty to which defendant answered no. The trial court then asked defendant if he understood the sentence he was to receive and he answered yes.
We find that defendant's guilty plea was based upon receiving a stipulated sentence because (1) on defendant's "Plea Of Guilty And Waiver Of Rights" form, defendant specifically stated that no promises were made to him in return for his guilty plea except "5 years LDOC suspended, 5 years probation, 1 year parish jail, Art. 895, sentence to be concurrent with 236,542 (Unauthorized Use); costs, restitution in docket no. 236,546 in the amount of $2197.41; No. 238,590 and 236,546 dismissed; subject to work."; and (2) the trial court sentenced defendant according to the promises that were made to him.
As noted earlier, the sentence is illegally lenient even though the sentence was imposed in accordance with a plea agreement. We find that the reconciliation with the plea agreement and defendant's illegally lenient sentence is impossible. As such, defendant's sentence is vacated, and we remand this case for resentencing. Finally, defendant must be given an opportunity to withdraw his guilty plea. See State v. Cabanas, 552 So.2d 1040 (La.App. 1 Cir.1989).

CONCLUSION
For the foregoing reasons, we vacate defendant's sentence and remand for resentencing. Further, defendant must be given an opportunity to withdraw his guilty plea.
SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.
THIBODEAUX, J., concurs in part, dissents in part and assigns reasons.
*718 THIBODEAUX, Judge, concurring in part and dissenting in part.
This appeal by the State of Louisiana should be dismissed. However, to the extent that the majority opinion considers La.R.S. 40:981.3, I feel compelled to comment on its interpretation.
State v. Bell, 412 So.2d 1335 (La.1982) bars a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Bell concerned itself with the appeal of a legal sentence on the basis of excessiveness after a plea bargain was entered into. In this case, the state argues that the defendant's sentence was illegally lenient. This reason is insufficient to distinguish this case from State v. Bell. Just as a defendant is barred from seeking review of an agreed upon sentence, the state is similarly prohibited from seeking review of a stipulated illegally lenient sentence. The defendant's guilty plea was in part based upon extracting a stipulated sentence from the state. The defendant's guilty plea form, in my view, clearly demonstrates this. The state should not have any rights greater than that of an individual.
Louisiana Revised Statute 40:981.3 is an enhancement statute, the predicate offense being La.R.S. 40:966. In order to enhance the penalties, it is necessary that the state prove the existence of a drug-free school zone. That is not a separate offense but is an additional element used to enhance the commission of the crime of distribution of a controlled dangerous substance made illegal under La.R.S. 40:966. Because it is an enhanced statute, the trial judge had the authority under State v. Dorthey, 623 So.2d 1276 (La.1993) to impose the lesser sentence.
Furthermore, State v. Dorthey is not limited in its application to an enhancement statute. Dorthey "recognize[d] that the review of sentencing,including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness." Id. at 1280. (emphasis supplied). Dorthey, by using the language "including sentencing under R.S. 15:529.1," implies that a trial judge has the power and authority to review any sentence for constitutional excessiveness. To interpret Dorthey otherwise would render that language superfluous. The trial judge, pursuant to her powers under Article 1, § 20 of the Louisiana Constitution, had the right to determine that the minimum mandatory punishment for distribution of drugs in a school zone under La.R.S. 40:981.3 was constitutionally excessive. The legislature cannot inhibit the powers of the judiciary by subverting a court's constitutional mandate to review excessiveness of sentences.
The trial judge was eminently correct. The state's appeal should be dismissed. However, even if State v. Bell would not apply, then the two other alternative grounds explained above are sufficient to affirm the decision of the trial court.
For the foregoing reasons, I respectfully dissent.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge Pro Tempore by appointment of the Louisiana Supreme Court.