liBARRY, Judge.
The defendant pleaded guilty to possession of cocaine, La.R.S. 40:967C, and was sentenced as a second offender to thirty months at hard labor. The sentence was suspended and the defendant placed on active probation for five years. His probation was conditioned upon participation in a drug rehabilitation program and submission to regular *557 and random drug testing. The defendant was also ordered to perform 100 hours of community service. The State filed a motion to correct the sentence which was denied. The State now argues that the trial court did not have discretion under La.R.S. 15:529.1 to suspend the sentence.
The defendant was sentenced under La. R.S. 40:9670(2) which provides that a defendant “shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.” There is no prohibition against a suspended sentence in the substantive statute. The trial court suspended the sentence pursuant to La.C.Cr.P. art. 893A which allows suspension of the sentence “where suspension is "allowed under the law ...”
12The defendant relies on State v. Cole, 447 So.2d 1268, 1269 (La.App. 4th Cir.1984), writ denied, 449 So.2d 1348 (La.1984), where this Court held that “in order for a multiple offender to be given a suspended sentence pursuant to Art. 893 B, the statute under which he was convicted must permit suspension of sentence.” (citation omitted). This Court upheld Cole’s suspended sentence as a multiple offender on a charge of possession of cocaine because La.R.S. 40:967C(2) did not (and still does not) prohibit probation and suspension of sentence. At the time Cole was rendered in 1984 La.R.S. 15:529.1 did not prohibit suspension of a sentence. Subsection G, added by 1987 La.Acts No. 774 § 1, now provides: “Any sentence imposed under the provisions of this Section shall be without the benefit of probation or suspension of sentence.” State v. Cole, 447 So.2d at 1268 predates the 1987 Act and is not on point.
The State persuasively argues that under La.R.S. 15:529.1G a multiple offender’s sentence cannot be suspended and the trial court violated La.C.Cr.P. art. 893 and R.S. 15:529.1.
The defendant further argues under State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993), that the minimum sentence under La.R.S. 15:529.1 may be constitutionally excessive[1], and the trial court found that a prison sentence (not suspended) made no measurable contribution to acceptable goals of punishment; therefore, the court complied with the legislature’s intent by suspending the sentence.
lain the sentencing transcript the trial court noted the defendant’s previous guilty plea to possession of cocaine, but suspended the thirty month sentence under La.C.Cr.P. art. 893B [2] conditioned upon the defendant’s entry into a drug program. The court stated that the purpose of art. 893 was to give an individual the possibility of drug rehabilitation instead of incarceration. Clearly, the trial court made no finding that the 30 month sentence under La.R.S. 15:529.1 was constitutionally excessive; therefore, State v. Dorthey, 623 So.2d at 1276 is not applicable.[3]
Under La.C.Cr.P. art. 893 a trial court is allowed to suspend a sentence “where suspension is allowed under the law_” According to La.R.S. 15:529.1 a multiple offender’s sentence “shall be without the benefit of probation or suspension of sentence.” The trial court erred by suspending the defendant’s sentence. The sentence is vacated and the case remanded for resentencing in accordance with La.R.S. 15:529.1.
*558 A review of the record for errors patent reveals none.

SENTENCE VACATED; REMANDED FOR RESENTENCING.

. A punishment is constitutionally excessive if "it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.” State v. Dorthey, 623 So.2d at 1280, quoting State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991).

. La.C.Cr.P. art. 893 was amended by La.Acts 1994, 3rd Extra Sess., No. 100 § 1, which amended paragraph A (to include part of B), deleted paragraph B (which related to the sentences of multiple offenders with convictions of certain violations of La.R.S. 40:961 et seq.), and redesignated former paragraph C as paragraph B. Paragraph A continues to provide that in certain cases the court may suspend the sentence imposed, "where suspension is allowed under the law...."

.This Court has also held that a trial court cannot use Dorthey to suspend execution of a sentence when suspension is prohibited by the substantive statute. State v. Hebert, 94-2223 (La.App. 4 Cir. 3/16/95), 652 So.2d 1049.