707 So.2d 1328 (1998)
STATE of louisiana
v.
Edward C. CURTIS, III.
No. 97-KA-769.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1998.
*1329 Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, for Defendant/Appellant Edward C. Curtis, III.
Paul D. Connick, Jr., Terry M. Boudreaux, Thomas J. Butler, Vincent Paciera, District Attorney's Office, Gretna, for Plaintiff/Appellee State.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
The defendant, Edward C. Curtis III, was convicted of distribution of cocaine within 1,000 feet of a school in violation of La. R.S. 40:981.3. He was sentenced to fifteen years at hard labor, plus a fine of $50,000.00 and court costs. The trial court ordered that, pursuant to La. R.S. 40:981.3, the mandatory minimum term of imprisonment would be served without benefit of probation, parole or suspension of sentence. The defendant now appeals. For the following reasons, we affirm the conviction and sentence of defendant.

FACTS
On September 8, 1994, at approximately 6:30 p.m., the defendant sold a rock of crack cocaine to an undercover narcotics agent. This sale occurred at an intersection located within 1,000 feet of John Martin High School in Jefferson Parish (approximately 330 feet).

ASSIGNMENT OF ERROR
In this appeal, the defendant alleges that the trial court erred in imposing an excessive sentence.
The defendant argues that his sentence of fifteen years at hard labor, accompanied by the fine of $50,000.00, is constitutionally excessive.
Defendant did not orally object to his sentence at the time of sentencing and he did not file a motion for reconsideration of sentence as required by La.C.Cr.P. art. 881.1.[1] *1330 Nevertheless, defendant argues that, while his failure to file a motion to reconsider sentence waived his right to challenge his sentence on specific grounds, his challenge on appeal via a formal assignment of error preserves for appellate review the claim of constitutional excessiveness. The defendant further claims that the trial court erred in failing to articulate the reason for imposing sentence as mandated by La.C.Cr.P. art. 894.1, and that the circumstances of the case do not support the sentence imposed.
In State v. Mims, 619 So.2d 1059 (La. 1993), the defendant moved for reconsideration of a sentence which alleged only that his sentence was excessive. The Louisiana Supreme Court explained the necessity of filing a motion to reconsider sentence as follows:
Under Article 881.1 the defendant must file a motion to reconsider and set forth the `specific Grounds' upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of `constitutional' excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
In the decisions of State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/7), 694 So.2d 440, writ denied, 97-1050 (La.10/13/97), 703 So.2d 609 and 97-1255 (La.10/13/97), 703 So.2d 612 and State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394, this Court has noted that the Mims decision did not address the issue of whether a defendant's failure to file a motion to reconsider his sentence precluded even a claim of "constitutional" excessiveness. This Court then, "in an abundance of caution," addressed the issues of constitutional excessiveness.
Accordingly, we too shall address the defendant Curtis's claim that his sentence of 15 years, combined with a fine of $50,000.00, is excessive. However, the defendant's argument that the trial court failed to articulate specific reasons for sentence as required by La.C.Cr.P. art. 894.1 was not preserved for appellate review.
The trial judge sentenced the defendant as follows:
Accordingly, under R.S. 40:981.3, having been found guilty by a jury on this court... taking the P.S.I. into consideration, it is the sentence of this court that you pay a fine of fifty thousand ($50,000.00) dollars plus the court costs and that you serve fifteen (15) years at hard labor with the Department of Corrections. I'll give you credit for time served. And the minimum mandatory term of imprisonment will be served without benefit of probation parole or suspension of sentence. You have three (3) years to file for post conviction relief and five (5) days to appeal the sentence...
La. R.S. 40:981.3(E) provides the sentence for distribution of a controlled dangerous substance within 1,000 feet of a school in violation of La. R.S. 40:981.3(A) as follows:
E.(1) on a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
[Emphasis supplied].
The penalty for distribution of cocaine is found in R.S. 40:967(B)(1):
A substance classified in Schedule II which is a narcotic drug, or which is an amphetamine or methamphetamine, shall be sentenced to a term of imprisonment at hard labor for not less than five years nor *1331 more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.[2]
The trial court was required to impose a $50,000.00 fine on the defendant as provided by La. R.S. 40:981.3(E)(1). Furthermore, the defendant, who was exposed to a period of imprisonment between the range of 15 years and 30 years, received 15 years. This was the minimum sentence that the trial court could have legally imposed on the defendant. See State v. Wright, 95-377 (La. App. 3 Cir. 11/8/95), 664 So.2d 712; State v. Brown, 606 So.2d 586 (La.App. 5 Cir.1992); State v. Hensley, 606 So.2d 13 (La.App. 5 Cir.1992), writ denied, 630 So.2d 786 (La. 1994).
In State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976 the court noted that the determination of what constitutes a crime, as well as the fixing of penalties for the commission of crimes, is purely a legislative function. "Once a defendant is convicted of a crime, it is the mandatory duty of the trial judge presiding over that defendant's case to impose a sentence that is authorized by law." Id., at page 981. Thus, the trial court could not have legally imposed a lesser sentence.[3]
Therefore, we find that the trial court, having imposed the mandatory minimum sentence as prescribed by law, did not impose a constitutionally excessive sentence. We find defendant's allegation of error to be without merit.

ERROR PATENT
We have reviewed the record for errors patent, according to La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La. 1975) and note the following error, namely that the trial court erred in failing to properly advise the defendant of the prescriptive period for post-conviction relief as mandated by La.C.Cr.P. art. 930.8 C.
In the present case, when the judge originally sentenced defendant on March 2, 1995, he advised defendant that he had "three years for any post-conviction relief," whereas he should have specifically advised defendant that he had three years after the judgment of conviction and sentence has become final.
Accordingly, we instruct the trial court to send the appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post-conviction relief and to file written proof in the record that defendant received the notice. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289; State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.

CONCLUSION
For the above discussed reasons, the conviction and sentence of the defendant are affirmed. However, the case is remanded to the trial court for the trial judge to appropriately and properly inform the defendant of the delays for applying for post-conviction relief pursuant to La.C.Cr.P. art. 930.8.
AFFIRMED AND REMANDED.
NOTES
[1] La.C.Cr.P. art. 881.1 provides in pertinent part that:

A.(1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state of the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
La.C.Cr.P. art 881.2 provides in pertinent part:
A.(1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by statute under which the defendant was convicted and any applicable statutory enhancement provisions.
[2] Cocaine is classified as a narcotic. La. R.S. 40:961(26).
[3] In his brief to this Court, defendant makes the allegation that the sentencing provisions of La. R.S. 40:981.3, as applied to him, denied him equal protection, since he committed the crime in the evening, and not during school hours, and the statute makes no distinction for times when school is in session and when school is not in session. This issue was considered and found to be without merit in State v. Brown, supra.